Bryan **WALTER**, Appellant,

v.

Barbara **WALTER**, Appellee.

No. 05–02–01260–CV.

Court of Appeals of Texas, Dallas.

Feb. 10, 2004.

Bryan L. Walter, Fort Worth, pro se.

Joseph Eric Higgins, J. Eric Higgins, P.C., and C. Carlyle Crafton, Burt Barr & Associates, L.L.P., Dallas, for Appellee.

Barbara Jeanne Walter, Plano, pro se.

Before Justices WHITTINGTON, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice BRIDGES.

Bryan Walter appeals the trial court's order making certain property awards to Barbara Walter pursuant to the parties' divorce. In five issues, appellant argues the trial court erred in denying him a jury trial, ordering a permanent injunction restricting the parties' contact, awarding a residence and certain other property to appellee, and limiting appellant's discovery. We affirm the trial court's judgment.

In November 2001, appellee filed her original divorce petition seeking, among other things, division of the parties' property and imposition of a restraining order against appellant. The trial court issued a temporary restraining order restricting appellant's contact with appellee and prohibiting appellant from certain contact re-

lating to the parties' property and finances. Appellant sought modification of the trial courts's temporary orders but was unsuccessful. Ultimately, on July 12, 2002, the trial court entered a final divorce decree, and this appeal followed.

■ In his first issue, appellant argues the trial court erred in denying his request for a jury trial. In a suit for dissolution of a marriage, either party may demand a jury trial. TEX. FAM.CODE ANN. § 6.703 (Vernon 1998). However, a refusal to grant a jury trial is harmless error if the record shows that no material issues of fact exist and an instructed verdict would have been justified. *Grossnickle v. Grossnickle,* 865 S.W.2d 211, 212 (Tex.App.-Texarkana 1993, no writ); *see In re Marriage of Richards,* 991 S.W.2d 32, 36–38 (Tex. App.-Amarillo 1999, pet. denied). The division of property in a divorce action is exclusively within the province of the trial judge, not the jury. *Massey v. Massey,* 807 S.W.2d 391, 398 (Tex.App.-Houston [1st Dist.] 1991), *writ denied,* 867 S.W.2d 766 (Tex.1993). Here, appellant did not appeal the granting of the divorce, and there was no child custody involved. The only issues before the trial court were the division of the parties' property and the imposition of restrictions on the parties' contact. Even assuming the trial court erred in denying appellant's request for a jury trial, we conclude the error, if any, was harmless because appellant appeals only issues where no material issues of fact existed. *See Grossnickle,* 865 S.W.2d at 212. We overrule appellant's first issue.

■ In his second issue, appellant complains the trial court erred in ordering a permanent injunction against him. A successful applicant for injunctive relief must demonstrate the four following grounds for relief: (1) the existence of a wrongful act, (2) the existence of imminent harm, (3) the existence of irreparable injury, and (4) the absence of an adequate remedy at law. *Priest v. Texas Animal Health Comm'n,* 780 S.W.2d 874, 875 (Tex. App.-Dallas 1989, no writ). The grant or refusal of a permanent or temporary injunction is ordinarily within the sound discretion of the trial court and, on appeal, review of the trial court's action is limited to the question of whether the action constituted a clear abuse of discretion. *Id.* Appellant has failed to make any reference to the record to support his claim. *See* TEX.R.APP. P. 38.1(h) (appellant's brief must contain clear and concise argument for contentions made with appropriate citations to authorities and record). Having reviewed the record, however, we conclude there is adequate evidence to support the permanent injunction against appellant. Accordingly, the trial court did not abuse its discretion in entering the injunction. *See Priest,* 780 S.W.2d at 875. We overrule appellant's second issue.

■ In his third and fourth issues, appellant argues the trial court erred in awarding the parties' residence and certain property to appellee. Section 7.001 of the family code provides that a divorce decree "shall order a division of the estate of the parties in a manner that the court deems just and right." TEX. FAM.CODE ANN. § 7.001 (Vernon 1998). The trial judge has wide discretion in dividing the parties' community estate. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981); *Wilson v. Wilson,* 44 S.W.3d 597, 600 (Tex.App.-Fort Worth 2001, no pet.). The party attacking the property division bears the heavy burden of showing that the trial court's property division was not just and right. *Goetz v. Goetz,* 567 S.W.2d 892, 896 (Tex.Civ. App.-Dallas 1978, no writ); *Wilson,* 44 S.W.3d at 600. A trial court's division will not be disturbed on appeal unless it appears from the record that the division was

clearly the result of an abuse of discretion. *Wilson,* 44 S.W.3d at 600.

Here, appellant complains of the trial court's award to appellee of the residence in McKinney, Texas, and a number of items the evidence showed were appellee's separate property. Additionally, in his fourth issue, appellant argues: "The trial court awarded Appellant's separate property to Appellee (RR 4/26/02 41–45). The trial court awarded Appellant's separate property located on the deck of the marital residence, i.e., grill, bench, statutes [sic]; camcorder tapes, paintings, brass soap dispenser and wedding ring."

 Appellant argues the award of the residence constitutes a disproportionate share of the community estate. Even assuming appellant is correct, the trial judge may order an unequal division of marital property where a reasonable basis exists for doing so. *Massey,* 807 S.W.2d at 398; *see Murff,* 615 S.W.2d at 698–99. The court may consider many factors in making an unequal division of property, including education, respective earning power, business and employment opportunities, physical health, probable future need for support, the size of the parties' separate estates, the length of the marriage, and fault in its breakup. *Massey,* 807 S.W.2d at 398; *see Murff,* 615 S.W.2d at 699. The record shows appellant is a licensed attorney, and appellee was unemployed at the time of trial. In fact, the record contains appellant's admission that he called appellee's former employer to ask what appellee "had told him her grade point average was." Appellant characterized this call as "making an inquiry" but did not dispute the fact that appellee lost her job as a result. Under these circumstances, we cannot conclude the trial court abused its discretion in awarding the residence to appellee. Further, although appellant characterizes the items on the deck of the residence as separate party in a two-sentence point of error, we conclude appellant has failed to demonstrate that the trial court abused its discretion with respect to the items on the deck. We overrule appellant's third and fourth issues.

 In his fifth issue, appellant complains the trial court erred in failing to permit appellant to take the depositions of two witnesses. Appellant argues "[d]epositions are allowed to fish for information, and denial of the right to conduct a deposition is an abuse of discretion." As authority for this statement, appellant cites *Loftin v. Martin,* 776 S.W.2d 145 (Tex.1989). In *Loftin,* the court held that, because the trial court had denied discovery of allegedly privileged documents in the absence of evidence to substantiate the claim of privilege and did not conduct an *in camera* review of the documents, the trial court abused its discretion in denying discovery of the documents. *Id.* at 148. We do not agree that *Loftin* supports appellant's asserted right to "fish" by taking the depositions he was denied. In fact, the Supreme Court of Texas has repeatedly emphasized that discovery may not be used as a "fishing expedition." *In re American Optical Corp.,* 988 S.W.2d 711, 713 (Tex.1998). Although appellant is a licensed attorney, a law license is not a fishing license. Accordingly, we conclude the trial court did not err in refusing to permit appellant to take two depositions in order to "fish for information." *See id.* We overrule appellant's fifth point of error.

We affirm the trial court's judgment.