11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Harshad Panchal 

Appellant

Vs.                   No. 11-02-00234-CV -- Appeal from Collin County

Sonali
Panchal

Appellee

 

This appeal arises from a divorce proceeding.  Harshad Panchal raises four points of error
on appeal.  Appellant asserts in his
first point that the trial court failed to enter sufficient findings of fact
and conclusions of law.  The second point
addresses the trial court=s
division of community property. 
Appellant=s third
point attacks the trial court=s
confirmation of various investment accounts as being Sonali Panchal=s separate property.   The fourth point challenges the issuance of
a permanent injunction against appellant. 
We affirm in part and reverse and remand in part.  

We have previously addressed appellant=s first point in an order issued on
July 10, 2003.  Appellant asserted in the
first point that the trial court failed to enter findings of fact and
conclusions of law as required by TEX. FAM. CODE ANN. '
6.711 (Vernon Supp. 2004).  We sustained
appellant=s
contention by entering an order which abated the appeal and remanded the
proceedings to the trial court for the filing of proper findings of fact and
conclusions of law.  The trial court has
complied with our previous order by filing amended findings and
conclusions.  Appellant has not raised
any complaints regarding the adequacy of the amended findings and
conclusions.  Accordingly, we need not
consider appellant=s first
point any further.  








In his fourth point, appellant complains that the
trial court erred in granting a permanent injunction against him.  The trial court permanently enjoined
appellant from committing the following acts: 
(1) causing physical contact or bodily injury to appellee or threatening
appellee with imminent bodily injury; (2) communicating in person, by telephone,
or in writing with appellee; (3) coming within 500 feet of, entering, or
remaining on the premises of appellee=s
residence or place of employment; (4) communicating with any patrons,
creditors, associates, affiliates, debtors, landlord, or any other like persons
associated with the business which the trial court awarded to appellee.  A successful applicant for injunctive relief
must demonstrate the following four elements: (1) the existence of a wrongful
act; (2) the existence of imminent harm; (3) the existence of irrep-arable
injury; and (4) the absence of an adequate remedy at law.  Walter v. Walter, 127 S.W.3d 396, 398
(Tex.App. - Dallas 2004, no pet=n).  The grant or refusal of a permanent or
temporary injunction is ordinarily within the sound discretion of the trial
court; and, on appeal, review of the trial court=s
action is limited to the question of whether the action constituted a clear
abuse of discretion.  Walter v. Walter,
supra at 398.  

There are several references in the record to
instances wherein appellant threatened or ver-bally abused appellee and
others.  Appellee offered into evidence
several letters to appellant from the landlord of the building where the
parties= business
was located.  Among other things, these
letters detailed instances wherein appellant threatened customers and other
tenants of the building and used profanity loudly in the lobby of the
building.  The landlord warned appellant
in these letters that his conduct violated the terms of his lease and would
result in eviction if his behavior did not cease. We find that the trial court
did not abuse its discretion in entering the injunction.  Appellant=s
fourth point of error is overruled. 

Appellant=s
third point of error attacks the evidence supporting the trial court=s characterization of four investment
accounts as being appellee=s
separate property.[1]  Property pos-sessed by either spouse during
or on dissolution of marriage is presumed to be community property.  TEX. FAM. CODE ANN. '
3.003(a) (Vernon 1998).  To rebut this
presumption, the person seeking to prove the separate character of the property
must do so by clear and convincing evidence. 
Section 3.003(a).              








The Texas Supreme Court has recently clarified the
standard of review applicable to sufficiency challenges of findings that must
be established by clear and convincing evidence.  See In re J.F.C., 96 S.W.3d 256, 264‑68
(Tex.2002)(discussing legal sufficiency review); In re C.H., 89 S.W.3d
17, 25 (Tex.2002)(discussing factual sufficiency review).  In these parental termination cases, the
court reasoned that the traditional legal and factual sufficiency reviews were
inadequate to accommodate the clear and convincing burden of proof, concluding
that Athe
burden of proof at trial necessarily affects appellate review of the evidence.@ 
In re J.F.C., supra at 264 (quoting In re C.H., supra
at 25).  Texas courts of appeals  have subsequently  applied the heightened standards of review
announced in J.F.C. and C.H. in the context of addressing
evidentiary challenges to separate property characterizations.  See Boyd v. Boyd, 131 S.W.3d
605, 611 (Tex.App. - Fort Worth 2004, no pet=n);
Stavinoha v. Stavinoha, 126 S.W.3d 604, 608-09 (Tex.App. - Houston [14th
Dist.] 2004, no pet=n).          

When we conduct a legal sufficiency review of a
separate property finding, we are instructed to look at all the evidence in the
light most favorable to the finding to determine whether a reasonable trier of
fact could have formed a firm belief or conviction that its finding was true.
In re J.F.C., supra at 266. 
This means that we must (1) assume that the fact finder resolved
disputed facts in favor of its finding if a reasonable fact finder could do so
and (2) disregard all contrary evidence that a reasonable fact finder could
have disbelieved or found to have been incredible.  In re J.F.C., supra at 266.   However, we are not required to disregard
undisputed facts that do not support the finding because that might skew a
clear and convincing analysis.  In re
J.F.C., supra at 266. 
If we determine that no reasonable fact finder could form a firm belief
or conviction of the truth of the matter to be proved, we must conclude that
the evidence is legally insufficient.  In
re J.F.C., supra at 266.

When we conduct a factual sufficiency review of a
separate property finding, we must consider whether all of the evidence is such
that a fact finder could reasonably form a firm belief or conviction about the
truth of the allegations sought to be established.  In re C.H., supra at 25.  We should consider whether disputed evidence
is such that a reasonable fact finder could not have resolved that disputed
evidence in favor of its finding.  In
re J.F.C., supra at 266 (citing In re C.H., supra at 25). If,
in light of the entire record, the disputed evidence that a reasonable fact
finder could not have credited in favor of the finding is so significant that a
fact finder could not reasonably have formed a firm belief or conviction, then
the evidence is factually insufficient.  In
re J.F.C., supra at 266. 
If we determine that the evidence is factually insufficient, we are to
detail in our opinion why we have concluded that a reasonable fact finder could
not have credited disputed evidence in favor of the finding.  In re J.F.C., supra at 266-67.








The evidence pertaining to the four accounts was
sparse.  Appellant appeared at trial pro
se while appellee was represented by counsel. 
Although both parties appeared for trial, the trial proceedings were
very brief.  Appellee prepared an
inventory and appraisement which she did not sign.  Her counsel offered the unsigned inventory
into evidence Asimply as
a trial aid to assist the Court in its findings.@  The inventory listed the four accounts on an
exhibit under the heading of AWife=s Separate Property.@ 
Appellee=s counsel
made a passing reference to the four accounts during the following exchange
with appellee:

Q:  Okay. 
[Appellee, in the inventory] you have listed numerous Keogh accounts and
retirement Keoghs and stocks that are your separate property, and essentially
the other community property interest that you had would be your >99 Ford Explorer and you=re asking the Court for you to keep
that; is that correct?

 

A:  Yes.  

 

Appellant subsequently asked appellee the following question
during cross-examination which appeared to address the four accounts:

Q:  Do you have an idea of your husband --
previous husband=s funds
and how much is it?

 

A:  It=s
-- I don=t
remember, but its in the paper.

 

[APPELLANT]: 
[to appellee=s
counsel]  Can you show me, sir?

 

[APPELLEE=S
COUNSEL]:  Sure.  Here it is.

 

[APPELLANT]: 
Yeah. 

 

There was no additional testimony concerning the accounts.








Well‑established case law requires that the
party seeking to rebut the community presumption must trace the assets on hand
during the marriage back to property that, because of its time and manner of
acquisition, is separate in character. Cockerham v. Cockerham, 527
S.W.2d 162, 167 (Tex.1975); Boyd v. Boyd, supra at 612. Tracing involves
establishing the separate origin of the property through evidence showing the
time and means by which the spouse originally obtained possession of the
property.  Boyd v. Boyd, supra at
612.  Appellant=s reference to appellee=s Apre-vious
husband=s funds@ suggested that appellee owned some or
all of the accounts prior to marriage.  See
TEX. FAM. CODE ANN. '
3.001(1) (Vernon 1998)(AA
spouse=s
separate property consists of the property owned or claimed by the spouse
before marriage.@)  However, the parties were married for almost
14 years prior to trial.  There is no
evidence which traces the history of these accounts with respect to the deposit
or withdrawal of funds or the disposition of income generated by the accounts
after marriage.  As a general rule,
testimony that funds are separate property without any tracing of the
funds  is insufficient to rebut the
community presumption.  Boyd v. Boyd,
supra at 612.  Accordingly,
while there is evidence suggesting that some portion of the accounts are
appellee=s
separate property, there is factually insufficient evidence to support the
trial court=s
determination that the entire balances of the accounts are her separate
property.

When we are asked to review an alleged
characterization error, we must determine not only whether the trial court=s finding of separate property is
supported by clear and convincing evidence but also whether the
characterization error, if established, caused the trial court to abuse its
discretion.  Boyd v. Boyd, supra
at 617.  Mere mischaracterization of
community property as separate property does not require reversal.  Boyd v. Boyd, supra at 617.  If the mischaracterization has only a de
minimus effect on the trial court=s
division of the community estate, then the trial court did not abuse its
discretion.  Boyd v. Boyd, supra
at 617.  However, if property is
mischaracterized and the mischaracterization is of such magnitude that it
affects the just and right division of the community estate, we must remand the
entire case to the trial court for a just and right division based upon the
correct characterization of the property. 
Boyd v. Boyd, supra at 617.  

The trial court awarded appellee community
property worth approximately $189,000. 
The trial court awarded appellant community property worth
approximately  $180,000.  According to appellee=s
inventory, the four accounts had a combined value of  approximately $134,000.  The inclusion of the value of the four
accounts into the portion of the community estate awarded to appellee would
significantly alter the trial court=s
division of the community estate. 
Accordingly, a mischaracterization of the four accounts would have had
more than a de minimus effect on the trial court=s
division of the community estate.








Appellant=s
third point of error is sustained.  The
trial court=s
characterization of the two TransAmerica Life Insurance Company accounts, the
Life Investor Insurance Company of America account, and the Fidelity
Investments account as being appellee=s
separate property is reversed and remanded for a redetermination of their
proper characterization.  We need not
consider appellant=s second
point of error seeking a remand of the property division in light of our
disposition of the third point. 

 We affirm the
parties= divorce
and the trial court=s entry
of a permanent injunction against appellant, but we reverse and remand this
case to the trial court for a just and right division of the community estate. 

 

W. G. ARNOT, III

CHIEF JUSTICE

 

September 9, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











    
[1]The trial court also confirmed numerous items of
furniture and jewelry as appellee=s
separate property.  Appellant does not
challenge the trial court=s characterization of these items as being appellee=s separate property.