BARNETT V. BARNETT

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-259-CV

TRACY ALLEN BARNETT APPELLANT

V.

ROBYN DALE BARNETT APPELLEE

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

The trial court signed a final decree of divorce dissolving the marriage between appellant Tracy Allen Barnett and appellee Robyn Dale Barnett.  In three issues, Tracy complains that the trial court abused its discretion by awarding Robyn attorney’s fees and temporary spousal support and by denying his motion for new trial.  We affirm.

II.  Factual and Procedural Background

Tracy and Robyn were married in 1991 and have two children.  Robyn filed for divorce in January 2002, and Tracy filed his counterpetition for divorce shortly thereafter.  Both Tracy and Robyn alleged that the marriage had become insupportable.

On August 5, 2002, the trial court entered temporary orders naming Tracy and Robyn joint managing conservators of the children, instructing Tracy to pay Robyn temporary spousal support payments of $1,500 per month for three months, and ordering that Tracy be responsible for all of the expenses of Charlie’s Transmissions, their business.  On August 19, 2003, the trial court issued additional temporary orders instructing Tracy to pay Robyn temporary spousal support in the amount of $3,000 per month.

On July 12, 2004, the trial court signed a final decree of divorce that, among other things, dissolved the marriage, confirmed Tracy’s and Robyn’s separate property, and appointed a receiver to manage, control, and dispose of certain property.  The final decree provides that the proceeds from the sale of the property are to be divided equally between Tracy and Robyn after a spousal support arrearage distribution in the amount of $18,600 is paid by two checks—one payable for $7,500 to Robyn’s attorney and the other payable for $11,100 directly to Robyn.  Tracy filed a motion for new trial complaining of numerous errors contained in the divorce decree.  The record does not indicate that the trial court took any action on Tracy’s motion for new trial; it was therefore overruled by operation of law.  
See
 
Tex. R. Civ. P
. 329b(c), (e); 
Clark & Co. v. Giles
, 639 S.W.2d 449, 449-50 (Tex. 1982) (orig. proceeding); 
see also 
Tex. R. App. P
. 33.1(b).  Further. Tracy did not request that the trial court enter findings of fact and conclusions of law.

At the time the appeal was submitted to this court, Tracy was a Chapter 13 debtor in the United States Bankruptcy Court for the Northern District of Texas.  As such, approval from the bankruptcy court was required to enter the divorce decree, which it gave by a signed order on July 8, 2004.

III.  Attorney’s Fees

In his first issue, Tracy argues that the trial court abused its discretion by awarding $7,500 in attorney’s fees to Robyn’s counsel because the fees were not litigated in the divorce action and because the evidence is insufficient to support the award.  We disagree.  The order clearly indicates that the trial court instructed the receiver to make a “spousal support” distribution in the amount of $18,600.  And the order provides that the distribution is payable by two checks—one for $7,500 to Robyn’s trial counsel and one for $11,100 to Robyn.  The $7,500 payable to Robyn’s trial counsel is not an award of attorney’s fees but is instead a distribution that, apparently, accounts for past due temporary spousal support owed to Robyn; the trial court’s instruction that the spousal support be payable in two checks with one made out to Robyn’s attorney does not automatically alter the character of the proceeds from spousal support to attorney’s fees.  Robyn does not assert any argument complaining of the trial court’s ordered distribution, and we need not address Tracy’s notice argument because it hinges on the conclusion that a portion of the $18,600 distribution is attorney’s fees.  Accordingly, we overrule Tracy’s first issue.

IV.  Temporary Spousal Support

In his second issue, Tracy argues that the trial court abused its discretion by awarding Robyn temporary spousal support because she possesses marketable job skills, she was working as a bookkeeper, and she had the ability to support herself.

A trial court possess the discretion to make a temporary order for spousal support during the pendency of a divorce.  
Zorilla v. Wahid
, 83 S.W.3d 247, 255 (Tex. App.—Corpus Christi 2002, no pet.).  
The trial court’s support award will not be disturbed absent an abuse of discretion.  
Id
.  Nonetheless, a record sufficient to determine whether an abuse of discretion has occurred must be provided to the appellate court.  
Garduno v. Garduno
, 760 S.W.2d 735, 742 (Tex. App.—Corpus Christi 1988, no writ).

Here, the clerk’s record indicates that Robyn requested temporary spousal support in her original petition for divorce.  The trial court held a hearing on February 20, 2002 and subsequently signed a temporary order instructing Tracy to pay temporary spousal support in the amount of $1,500 per month for three months.  As discussed above in the final decree, the trial court ordered the receiver to make a spousal support distribution in the amount of $18,600.  After reviewing the record, however, we are unable to locate where the trial court considered the evidence in support of its decision to award Robyn temporary spousal support.  A portion of the record from the hearing on February 20, 2002 merely states, “Temporary alimony, with the last payment being May 1st is set at $1,500 a month.  What else?”  Tracy cites portions of Robyn’s testimony contained in volume three of the reporter’s record (the hearing on the final divorce) to support his argument, but this evidence does not support the trial court’s initial award of temporary spousal support or the trial court’s decision to increase the support to $3,000 per month on August 19, 2003.  Moreover, as Robyn points out, the record indicates that Tracy’s counsel voluntarily withdrew all of the exhibits, some of which included summaries of testimony.
(footnote: 2)  Because the record does not contain any testimony, exhibits, affidavits, or other evidence demonstrating the basis for the trial court’s initial decisions to award Robyn temporary spousal support, Tracy is unable to show that the trial court abused its discretion by awarding Robyn temporary spousal support.  
See id.
 Accordingly, we overrule Tracy’s second issue.

V.  Motion for New Trial

In his third and final issue, Tracy argues that the trial court abused its discretion by denying his motion for new trial.  
He urges the following grounds in support of his argument:  

(1) Tracy’s attorney did not have notice of the final decree of divorce; (2) the domicile of the children was different in the final decree as was ordered during the trial; (3) the decree states that the business debts were to be borne solely by one party, even though the debts are clearly community debts; (4) the decree orders Tracy to surrender his separate property; (5) the decree orders Tracy to vacate the marital home, but during trial the trial court indicated that it possibly would be beneficial for the estate to have Tracy remain in the home, therefore the order is not clear; (6) the decree should reflect that Tracy may return cars in possession of the marital business to their respective owners; and (7) the decree awards all property not disclosed in inventories to the other party, however the trial court made no such ruling.

Robyn maintains that the record does not support Tracy’s contentions.

We review the trial court’s decision granting or denying a motion for new trial for an abuse of discretion.  
Ricks v. Ricks
, 169 S.W.3d 523, 526 (Tex. App.—Dallas 2005, no pet.).  When a motion for new trial is overruled by operation of law, the question becomes whether the trial court abused its discretion by allowing the motion to be overruled.  
Limestone Const., Inc. v. Summit Commercial Indus. Props., Inc.
, 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet.).  A trial court abuses its discretion when it acts without reference to any guiding rules and principles or in an arbitrary and unreasonable manner.  
Cire v. Cummings
, 134 S.W.3d 835, 838-39 (Tex. 2004).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

A.  Ground One—Notice

In his first ground, Tracy argues that he was denied due process because the final decree of divorce was signed without his attorney’s notice.  Tracy cites to his motion for new trial instead of the reporter’s record
 as support for this contention.  Tracy did not include an affidavit with his motion for new trial, and there is no evidence that Tracy requested a hearing by which to develop this argument.  Consequently, our review of the record indicates that there is no evidence to support his lack of notice argument.  
See 
Tex. R. App. P.
 38.1(h).  The trial court did not abuse its discretion by allowing Tracy’s motion for new trial to be overruled on this ground.

B.  Ground Two—Children’s Domicile

In his second ground, Tracy argues that the decree should be reformed to reflect that the domicile of the children be “Wise County and its contiguous counties” instead of “Wise County or any adjacent county to Wise County, Dallas County, and Collin County.”  He contends that the parties stipulated at trial that the domicile would be Wise County and its contiguous counties.  The record reflects that the parties may have had an agreement regarding the children’s domicile at the time of the trial, but the record is not clear, and no other evidence of an agreement is contained in the record.  The trial court did not indicate that it was ordering the children’s domicile to be Wise County and its contiguous counties; it merely responded, “Wise and contiguous counties?” The trial court also did not indicate anywhere else in the record that the children’s domicile would be limited as Tracy argues, including in its oral order on the day of the final trial.  Accordingly, the fact that the order includes Dallas and Collin counties does not indicate that the trial court acted arbitrarily or unreasonably when determining the children’s domicile.
  
See Cummings
, 134 S.W.3d at 838-39.  The trial court did not abuse its discretion by allowing Tracy’s motion for new trial to be overruled on this ground.

C.  Ground Three—Business Debt

In his third ground, Tracy argues that the portion of the decree ordering that he be responsible for all debts incurred in the name of Charlie’s Transmissions from January 1, 2002 onward is fundamentally unfair because it requires him to pay 100% of the community debt.  Initially, we note that it is well understood that community debts and liabilities are part of the community estate which must be considered in making a just and right division of the community property and that the trial court may order an unequal division of the marital estate when a reasonable basis exists for doing so.  
Walter v. Walter
, 127 S.W.3d 396, 399 (Tex. App.—Dallas 2004, no pet.); 
Walston v. Walston
, 971 S.W.2d 687, 693-94 (Tex. App.—Waco 1998, pet. denied).  Therefore, facially, Tracy’s argument is unpersuasive.  Based on the record before us, we are unable to determine the monetary allocation of the assets and debts awarded to the parties because all exhibits presumably establishing those figures were previously withdrawn.  The remaining portions of the record are of no help either.  Accordingly, we conclude the trial court did not abuse its discretion by allowing Tracy’s motion for new trial to be overruled on this ground. 

D.  Ground Four—Separate Property

In his fourth ground, Tracy argues that the trial court’s order divests him of two separate property items:  the 1989 Supra Boat and his “Modern Woodmans” life insurance policy. 

A trial court has broad discretion in dividing the marital estate, and we presume that the trial court exercised its discretion properly.  
Murff v. Murff
, 615 S.W.2d 696, 698-99 (Tex. 1981).  It is well established that property possessed by either spouse at the dissolution of the marriage is presumed to be community property, and a party who seeks to assert the separate character of property must prove its separate character by clear and convincing evidence.  
Tex. Fam. Code Ann
.
 § 3.003 (Vernon 1998).  To overcome the community property presumption, the spouse must trace and clearly identify the property claimed as separate property.  
Barnard v. Barnard
, 133 S.W.3d 782, 789-90 (Tex. App.—Fort Worth 2004, pet. denied).  Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property.  
Boyd v. Boyd
, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.).

Tracy contends that he established the separate property character of the boat at trial.  He testified that the boat was his separate property, and, according to the reporter’s record, he produced the boat’s title at trial.  Robyn, however, testified and requested that the trial court award her the boat, indicating that the boat was community property.  As discussed above, Tracy voluntarily withdrew all of the exhibits, including those presumably containing the title to the boat.  Thus, the only evidence before us regarding the boat’s marital property characterization consists of the competing testimony of Tracy and Robyn.  Considering only the evidence in the record on appeal, it is apparent that Tracy failed to clearly establish the separate property character of the boat and thus failed to overcome the community property presumption.  
See 
Tex. Fam. Code Ann.
 § 3.003(b); 
Barnard
, 133 S.W.3d at 789-90.

Regarding the life insurance policy, Tracy argues that Robyn admitted in her inventory and appraisement that the policy was his separate property.  On the contrary, assuming that Robyn’s inventory and appraisement was admitted into evidence during trial, it does not indicate the separate property character of the policy.  A “Whole Life” policy is listed under the heading “Insurance,” and the policy is not listed as Tracy’s separate property in the original inventory or the amended inventory and appraisement.  Robyn testified that she wanted the trial court to take the life insurance policy into consideration when dividing the community estate, and Tracy did not testify that the life insurance policy was his separate property.
(footnote: 3)  Tracy points us to no other evidence in the record that establishes the separate property character of the life insurance policy.  Thus, Tracy did not establish by clear and convincing evidence
 that the “Modern Woodmans” life insurance policy was his separate property.  
See 
Tex. Fam. Code Ann.
 § 3.003(b); 
Barnard
, 133 S.W.3d at 789-90.  Accordingly, we hold that the trial court did not abuse its discretion by allowing Tracy’s motion for new trial to be overruled on this ground.

E.  Ground Five—Marital Home

In his fifth ground, Tracy argues that the portion of the decree that orders him to vacate the marital home is unclear and should be reformed because “the trial court indicated that it possibly would be beneficial for the estate to have Tracy remain in the home.”  Indeed, during the final divorce hearing, the trial court suggested that it might be beneficial for one of the parties to live in the house because “it’s awfully hard to sell a house that’s empty.”  However, the trial court also indicated that it might not be a good idea for one party to remain in the house because of the possibility that this individual could discourage sales “because they’re in a better position living there than they’re going to be when it’s sold.”  The trial court then suggested that Tracy be ordered out of the house by June 1, 2004
.  Consistent with this exchange, the decree orders Tracy to vacate the property on or before June 1, 2004.  The trial court’s reasoning underlying its order that Tracy vacate the home is thus apparent from the record, and Tracy points us to no other evidence indicating how the this particular order constitutes an abuse of discretion.  Accordingly, we hold that the trial court did not abuse its discretion by allowing Tracy’s motion for new trial to be overruled on this ground.

F.  Ground Six—Customer Vehicles

In his sixth ground, Tracy argues that the marital business is in possession of various vehicles owned by customers of the business and that the decree should reflect that Tracy may return the vehicles to them.  Robyn testified that the business is in possession of sixty “junk cars” that, if crushed and salvaged, are worth $1,000 per vehicle.  The record, however, does not indicate that the vehicles are owned by their customers.  Moreover, the record does not identify each (or any) of the vehicles.  While questioning Robyn, her attorney referenced the vehicles on a summary of testimony, but as discussed above, Tracy withdrew all of the exhibits.  Thus, we are unable to identify these alleged customer vehicles from the record.  Accordingly, the record before us does not demonstrate that the trial court abused its discretion by allowing Tracy’s motion for new trial to be overruled on this ground.    

G.  Ground Seven—Undisclosed Property

In his seventh ground, Tracy argues that we should remand this case to the trial court in order for it to clarify the portion of the decree that awards all property not disclosed in the inventories to the other party.  Tracy reasons that a remand would be appropriate because the trial court “made no such ruling in it oral orders.”  This argument is unpersuasive.  “A judge’s oral announcement is often necessarily tentative” and may not cover every detail contained in the final decree.  
Cook v. Cook
, 888 S.W.2d 130, 131-32 (Tex. App.—Corpus Christi 1994, no writ).  The trial court did not abuse its discretion by allowing Tracy’s motion for new trial to be overruled on this ground.
  We overrule Tracy’s third issue.

VI.  Conclusion

Having overruled all three of Tracy’s issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DAUPHINOT, J. concurs without opinion

DELIVERED: December 1, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The following exchange took place at the close of the hearing on the final divorce:

[TRACY’S COUNSEL]: Judge, may we withdraw all the exhibits, because there are some original car titles in there?

[ROBYN’S COUNSEL]: No objection.

THE COURT: That’s fine with the Court.  The Court Reporter will not be responsible for the exhibits.

3:
Even if Tracy had testified that the life insurance policy was his separate property, mere testimony that property was purchased with separate funds, without any tracing of the funds, is generally insufficient to rebut the community presumption.  
See Boyd
, 131 S.W.3d at 612.