Christopher AUDIA, Appellant,

v.

Kenneth HANNOLD and Janice
Hannold, Appellees.

No. 05–08–01147–CV.

Court of Appeals of Texas,
Dallas.

Nov. 17, 2010.

Thomas B. Cowart, Wasoff & Cowart,
PLLC, Dallas, for Appellant.

William Marcus Toles, Dallas, for Appellees.

Before Justices MORRIS, RICHTER,
and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

This is an appeal from a take-nothing judgment entered in appellant Christopher Audia's personal-injury lawsuit against appellees Kenneth and Janice Hannold. On appeal, Audia complains that the district court violated his rights under the Texas Constitution by empaneling a six-person jury because "[t]he plain, literal language of Article V, Section 13 requires twelve jurors be empaneled in any civil matter in a Texas District Court." We conclude that Audia's complaint was not preserved for appellate review. As a result, we affirm the trial court's judgment.

### BACKGROUND

Audia's counsel filed this personal-injury lawsuit against the Hannolds alleging that Audia fell from a ladder while repairing the cathedral ceiling in the Hannolds' home. Audia's counsel later withdrew from representing him, and Audia proceeded pro se. Audia and the Hannolds agreed to try the case to a six-person

jury.[1] The jury found all parties negligent and attributed 80% of the negligence to Audia.

After the jury returned its verdict, the Hannolds filed a motion for entry of judgment. During the hearing on that motion, Audia asked for a new trial on the ground that "you have to have nine jurors in a district court and we only had six." In response, the trial court reminded Audia that he agreed to try the case to a six-person jury. The trial court also explained to Audia, "[T]he Court offered [a six-person jury] as an option because you are pro se, and it would have been easier for you. That was the only consideration. And as a district court, this court has the option of having a jury panel of six." Based on the jury's verdict, the trial court signed a final judgment ordering that Audia take nothing on his claims against the Hannolds.

Audia timely filed a motion for new trial, in which he relied on article V, section 13, of the Texas Constitution [2] and argued that "the verdict in this suit, returned by only six jurors, is invalid and cannot form the basis of a judgment" because nine jurors "is the constitutional minimum to obtain a verdict in a Texas District Court." The Hannolds filed a written response opposing Audia's motion for new trial, in which they relied on section 62.201 of the government code [3] and argued that parties can, and frequently do, "agree to proceed with six (6) jurors" in a Texas district court. The trial court conducted a hearing on Audia's motion at which Audia did not appear,[4] and signed an order denying the motion.

## ANALYSIS

On appeal, Audia argues that "[t]he Texas Constitution requires a jury of twelve in a Texas district court to start a jury trial in a civil matter and there are no exceptions to that rule that would authorize a district court to empanel a jury of only

---

1. After the case was called for trial, and before voir dire began, the following exchange occurred:

    THE COURT: ... The Court has just been made aware that both sides have agreed to select a jury panel of six out of the venire panel. Mr. Audia, is that your wish?

    MR. AUDIA: Yes, ma'am.

    THE COURT: Mr. Toles [counsel for the Hannolds], is that your wish?

    MR. TOLES: No objection, Your Honor. That's fine.

    THE COURT: All right. Then a panel of six will be chosen....

2. Article V, section 13, of the Texas Constitution states:

    Grand and petit juries in the District Courts shall be composed of twelve persons, except that petit juries in a criminal case below the grade of felony shall be composed of six persons; but nine members of a grand jury shall be a quorum to transact business and present bills. In trials of civil cases in the District Courts, nine members of the jury, concurring, may render a verdict, but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict. TEX. CONST. art. V, § 13.

3. Section 62.201 of the government code states: "The jury in a district court is composed of 12 persons, except that the parties may agree to try a particular case with fewer than 12 jurors." TEX. GOV'T CODE ANN. § 62.201 (West 2005).

4. The clerk's record contains a hearing notice on Audia's motion for new trial that is signed by Audia. But the order denying his motion for new trial states that Audia, "pro se, did not appear" at the hearing.

six." Audia also argues that section 62.201 of the government code "creates an impermissible conflict between this statute and Article V, section 13 of the Texas Constitution."

As Audia acknowledges, this Court must first determine the threshold issue of whether Audia has preserved his complaint for appellate review. *See In re A.B.P.*, 291 S.W.3d 91, 97 (Tex.App.-Dallas 2009, no pet.). Generally, to preserve a complaint for appellate review, a party must timely present the complaint to the trial court and seek a ruling on the complaint. *See* Tex.R.App. P. 33.1(a) (as prerequisite to presenting complaint for appellate review, record must show (1) party presented timely request, motion, or objection to trial court sufficient to make trial court aware of complaint, and (2) trial court ruled or refused to rule); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex.2003). This general rule applies to constitutional complaints. *See Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex.2001).

■ Audia essentially argues that he was not required to preserve his complaint for appellate review because the right to a twelve-person jury in district court is a right that cannot be waived. We disagree. *See Alam v. Wilshire & Scott, P.C.*, No. 01–06–00604–CV, 2007 WL 2011048, at *4 (Tex.App.-Houston [1st Dist.] July 12, 2007, no pet.) (mem.op.) ("To preserve a state constitutional challenge to a six-person jury, [ ] a party, whether pro se or represented by counsel, must timely object to the numerical composition of the jury."); *Smith v. Estate of Branch*, No. 05–90–00941–CV, 1991 WL 219469, at *9 (Tex. App.-Dallas Oct. 11, 1991, no writ) (not designated for publication) (appellant waived complaint about district court empaneling a six-person jury because com-

plaint was first raised in motion for new trial).

■ Alternatively, Audia argues that his pre-trial agreement to proceed with a six-person jury did not constitute a waiver of his right to a twelve-person jury because the record does not demonstrate that he was adequately informed of his right to a twelve-person jury and "intentionally relinquished that known right." Again, we disagree.

During oral argument, Audia's appellate counsel explained that Audia's argument that his agreement did not constitute a waiver is based on the fact that Audia was pro se at the time of the agreement. We recognize that Audia appeared pro se before and during trial. But pro se litigants are held to the same standards as licensed attorneys, and they must comply with applicable rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978); *cf. In re J.P.*, 196 S.W.3d 434, 438 (Tex.App.-Dallas 2006, no pet.) ("Nothing in our record shows appellant did not understand the waiver he was signing. Appellant's dissatisfaction with the outcome of the proceedings does not render involuntary his waiver of notice.").

In this case, Audia's complaint about the number of jurors was not timely because it was raised for the first time after the jury reached its verdict. *See Alam*, 2007 WL 2011048, at *4 ("[Appellant's] motion for new trial was not a timely objection or request concerning the numerical composition of the jury."); *see also Mann v. Ramirez*, 905 S.W.2d 275, 278–79 (Tex.App.-Houston [14th Dist.] 1995, writ denied) ("It is too late to complain of the jury panel or errors in the selection of the jury when the complaint, as in this case, is made only after the verdict."). Stated differently, a party cannot agree to a trial in district court before six jurors, wait for an unfavorable verdict, and then complain about

the number of jurors. *Cf. Estate of Branch,* 1991 WL 219469, at *9 (rejecting defendant's attempt "to have two bites of the apple by sitting back and allowing a six[-]person jury to be seated without making his objections known to the trial court and then later hoping to obtain a new trial by complaint of this error in his motion for new trial").

### Conclusion

We conclude that Audia did not preserve his complaint for appellate review. *See Alam,* 2007 WL 2011048, at *4. We affirm the trial court's judgment.