Marilyn MILLWEE, Appellant,

v.

**CAPSTAR COMMERCIAL REAL ESTATE SERVICES, LTD., Appellee.**

No. 05–10–00509–CV.

Court of Appeals of Texas, Dallas.

April 19, 2011.

John B. Rizo, Sr., Law Office of John B. Rizo, Sr., Dallas, for Appellant.

Michael L. Fox, Offices of Gallerson & Yates, Irving, John K. Vaughan, Stacey D. Walvoord, Vaughan, Ramsey & Walvoord, Grand Prairie, for Appellee.

Before Justices MURPHY, FILLMORE, and MYERS.

## OPINION

Opinion By Justice MYERS.

Marilyn Millwee appeals the trial court's judgment that she take nothing following a trial before the court on her personal injuries claims against Capstar Commercial Real Estate Services, Ltd. Millwee brings six issues contending the trial court (a) applied the wrong legal standard, (b) erred by failing to consider certain evidence, (c) erred by denying Millwee's motion for continuance, and (d) erred by denying Millwee a jury trial. We affirm the trial court's judgment.

## BACKGROUND

On the night of October 14, 2006, Millwee was riding her motor scooter from church to her home. As she took a short cut through 1 Turtle Creek/2 Turtle Creek Village, the front wheel of her scooter became lodged in an excavation in the property's driveway. Millwee flew over the handlebars and suffered injuries. Millwee sued Capstar, alleging it "was a possessor in control of and/or with the right to control the premises on which Plaintiff's injuries occurred." Millwee alleged Capstar was negligent for, among other things, creating a hazardous condition, allowing a hazardous condition to exist on the property, and failing to warn of

the hazardous condition it created or allowed to exist. Millwee also alleged Capstar was negligent per se for failing to follow city ordinances and building codes.

The case was set for a jury trial as requested by Capstar, but on the day of trial, Capstar's counsel announced that Capstar would waive its right to a jury trial. The trial court asked Millwee, who was pro se, if Capstar's waiver was agreeable to her, and she said it was. The case was then tried before the court with Millwee representing herself.[1] At the conclusion of the trial, the court found for Capstar and rendered judgment that Millwee take nothing. At Millwee's request, the trial court filed findings of fact and conclusions of law, finding, among other things, that Millwee failed to prove by a preponderance of the evidence that Capstar owned or controlled the premises.

## LEGAL STANDARD

In her first issue, Millwee asserts the trial court applied the wrong legal standard by requiring proof that Capstar both owned and controlled the premises. At the conclusion of the trial, the court stated, "In the absence of proof of ownership in [sic] the exercise of control, I cannot find on behalf of the plaintiff." Millwee argues Capstar could be liable for her injuries if it controlled the premises even if it did not own them. *See Wal–Mart Stores, Inc. v. Alexander,* 868 S.W.2d 322, 324 (Tex.1993). Shortly thereafter, while explaining the law to Millwee, the court stated, "[Y]es, somebody was negligent, but there was no proof as the law requires as to how I could possibly hold this defendant responsible for that because of the requirement that one prove by a preponderance of the evidence that they in fact either owned *or* exercised dominion or control over this particular property and this circumstance."

(Emphasis added.) The court also stated in its findings of fact and conclusions of law that "[p]laintiff failed to prove by a preponderance of the evidence that defendant owned *or* controlled the premises in question." (Emphasis added.) As these quotations demonstrate, the court did not require proof that Capstar both owned and controlled the premises. We overrule Millwee's first issue.

## SUFFICIENCY OF THE EVIDENCE

In the second issue, Millwee contends the trial court failed to consider evidence that Capstar controlled the property where the accident occurred. During Millwee's cross-examination by Capstar, she testified:

Q. —did you make any efforts to discover from I Turtle Creek who owned the driveway?

A. Yes.

Q. And were you successful?

A. No. Well, they said Capstar was the management company of II Turtle Creek and the driveway was a part of II Turtle Creek, and Capstar admitted that.

[Capstar's Counsel]: I object to the hearsay, and I-

The Court: Sustained.

Q. And you say Capstar admitted that?

A. Yes.

Q. Do you have a document where Capstar admitted that?

A. I might.

Q. Not might, ma'am. Do you have a document that Capstar admitted to you they owned the driveway, yes or no, please?

A. I think I do. Yes, in the deposition.

---

1. Although she was pro se during the trial,    Millwee is represented by counsel on appeal.

Millwee did not present the deposition testimony during the trial. *See* Tex.R. Civ. P. 203.6(b) ("deposition may be used for any purpose in the same proceeding in which it was taken"). The court found Millwee failed to prove by a preponderance of the evidence that Capstar controlled the property.

Millwee asserts the trial court erred if it did not consider her testimony that Capstar admitted it owned or controlled the property. The record does not show the trial court did not consider the testimony; the record shows only that the court found Millwee failed to prove sufficiently that Capstar owned or controlled the property. It appears Millwee is challenging the sufficiency of the evidence to support the trial court's findings.

The trial court's fact-findings are reviewed for legal and factual sufficiency of the evidence, which is the same standard applied when reviewing evidence supporting jury findings. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). When a party attacks the legal sufficiency of an adverse finding regarding an issue on which it has the burden of proof, the party must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (per curiam) (Tex.2001) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989)). In reviewing such a challenge, we must first examine the record for evidence that supports the finding, crediting favorable evidence if a reasonable fact-finder could, while disregarding all evidence to the contrary, unless a reasonable fact-finder could not disregard it. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005); *Dow Chem. Co.*, 46 S.W.3d at 241. If there is no evidence to support the finding, we then examine the entire record to determine if

the contrary proposition is established as a matter of law. *Dow Chem. Co.*, 46 S.W.3d at 241. The issue will be sustained only if the contrary proposition is conclusively established. *Id.* When reviewing the factual sufficiency of evidence, we examine all the evidence and set aside a finding only if it is so contrary to the evidence as to be clearly wrong and unjust. *Cameron v. Cameron*, 158 S.W.3d 680, 683 (Tex.App.-Dallas 2005, pet. denied). In conducting our review of both the legal and factual sufficiency of the evidence, we are mindful that the fact-finder was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *City of Keller*, 168 S.W.3d at 819; *Hinkle v. Hinkle*, 223 S.W.3d 773, 782 (Tex.App.-Dallas 2007, no pet.). We may not substitute our judgment for the fact-finder's, even if we would reach a different answer on the evidence. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.1998); *Hinkle*, 223 S.W.3d at 782.

The only evidence of Capstar's ownership or control of the property is Millwee's testimony concluding that a Capstar employee admitted in a deposition that Capstar owned or controlled the property. Millwee did not present the deposition testimony in court. The trial court, as the finder of fact, determined the weight to be given the testimony. In this case, it appears the trial court accorded the statement little weight. Millwee did not establish Capstar's ownership or control of the property as a matter of law, and the court's determination that Millwee failed to prove Capstar's ownership or control by a preponderance of the evidence was not so contrary to the evidence as to be clearly wrong and unjust. Accordingly, we conclude the trial court's finding is supported by legally and factually sufficient evidence.

We overrule Millwee's second issue. We need not reach Millwee's third, fourth,

and fifth issues asserting the trial court erred by determining she was a trespasser on the property, by failing to consider evidence of her medical damages, and by denying her a continuance to obtain medical information. *See* TEX.R.APP. P. 47.1.

## RIGHT TO JURY TRIAL

In her sixth issue, Millwee asserts the trial court improperly denied her a jury trial. Capstar had requested a jury trial. On the day of trial, Capstar announced it was willing to waive a jury trial and to try the case to the court:

> [Capstar's Counsel]: We would entertain waiving the jury.
>
> The Court: Okay. What about you, Ms. Millwee?
>
> Ms. Millwee: He's the one that requested it.
>
> The Court: Okay.
>
> [Capstar's Counsel]: Just in the interest of efficiency, economy.
>
> The Court: Okay. So is his waiver agreeable with you?
>
> Ms. Millwee: Sure.
>
> The Court: Cancel the jury.

The case was then tried to the court with Millwee's consent. *See, e.g.,* TEX.R. CIV. P. 220 (party requesting jury may not withdraw case from jury docket over objection of opposing party).

■ On appeal, Millwee acknowledges the trial court asked her if she was agreeable with Capstar's jury waiver, but she argues, "Because plaintiff was *pro se,* in the interests of justice, the Court should have advised her of the option of objecting to the jury trial [sic]." We recognize that Millwee was pro se during the trial. However, pro se litigants are held to the same standards as licensed attorneys, and they are subject to the same rules of procedure. *See Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978); *Audia v.*

*Hannold,* 328 S.W.3d 661, 663 (Tex.App.-Dallas 2010, no pet.). Pro-se litigants are not entitled to special treatment or consideration due to their pro-se status. *See Brown v. Tex. Emp't Comm'n,* 801 S.W.2d 5, 8 (Tex.App.-Houston [14th Dist.] 1990, writ denied).

In *Audia,* the pro-se plaintiff agreed to proceed with a jury of six persons in district court instead of twelve. *Audia,* 328 S.W.3d at 661–62. After the jury returned a take-nothing verdict, the plaintiff requested a new trial because of the small jury. *Id.* at 662. On appeal, the plaintiff's appellate counsel argued the agreement did not constitute a waiver of the plaintiff's right to a twelve-person jury because the record did not demonstrate that the plaintiff was adequately informed of his right to a twelve-person jury and then intentionally relinquished that right. *Id.* at 663. We stated that the plaintiff would be held to the same standard as a licensed attorney and concluded the plaintiff failed to preserve error by not objecting until after the jury returned the verdict. *Id.*

■ In this case, Millwee's pro-se status did not entitle her to special treatment, such as the court advising her of her right to object to Capstar's jury waiver. During the trial, Millwee did not complain about not having a jury; she first raised the lack of a jury trial in her motion for new trial. To preserve error for appellate review, a party must make a timely objection to the trial court. TEX.R.APP. P. 33.1(a)(1). In *Audia,* we stated that "a party cannot agree to a trial in district court before six jurors, wait for an unfavorable verdict, and then complain about the number of jurors." *Audia,* 328 S.W.3d at 663–64. Likewise, Millwee could not agree to Capstar's waiver of a jury trial, wait for an unfavorable decision, and then complain about the lack of a jury trial.

Millwee's objection in her motion for new trial was untimely and did not preserve her complaint for appellate review. We overrule Millwee's sixth issue.

We affirm the trial court's judgment.