**AFFIRM; and Opinion Filed April 26, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-15-01198-CV
_____

### IN THE INTEREST OF J.M.M., A CHILD

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-51915-2014**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

After a trial before the court, Wife appeals a final decree of divorce. Wife appeared pro se in the trial court and appears pro se in this appeal. In five issues, she contends (1) she did not have proper notice of trial, (2) she was denied the right to a jury trial, (3) the trial court erred in not granting either of her two post-judgment motions, (4) the trial court's division of the parties' assets was unfavorable to her, and (5) the trial court erred in failing to void or vacate the decree. We affirm the trial court's judgment.

Husband and Wife were married in 1985. After almost thirty years of marriage, on April 17, 2014, Husband filed a petition for divorce. Wife answered with a general denial. In June 2015, the trial court set the case for a final hearing on August 17, 2015. At the start of that hearing, the trial court indicated "a final trial, final hearing" was to take place and asked the parties what the issues were. Husband's counsel stated they had been unable to communicate with Wife until that day. Husband had come up with a proposed distribution of property. After

Wife objected to parts of Husband's proposal, an off-the-record discussion was held. Back on the record, the trial judge stated that he had assisted the parties in reaching an agreement. The judge noted that Wife was at a disadvantage because she was asking for things not contained in her pleadings and because she had not answered any of Husband's discovery requests. The judge explained how the parties' community debts and assets were going to be divided under the agreement. After Wife indicated she had reached the agreement under duress, the judge decided to proceed with a trial and told Husband to call his first witness. Husband was the sole witness. He testified that he had already deeded the marital home to Wife. He also offered evidence of his proposed division of the community assets and debt. Wife cross-examined Husband. She did not attempt to present any evidence.

The court signed a final decree granting the parties a divorce and dividing their property. Wife filed a motion for new trial and also a motion to vacate the decree which were overruled by operation of law. This appeal followed.[1]

In her first issue, Wife contends she did not have proper notice of the trial. She maintains there was a trial by ambush and she did not have time to present any witnesses or evidence. She does not argue she did not have notice of the August 17 hearing; indeed, she was present. Her argument is that she was unaware the final hearing was actually a trial on the merits and was her opportunity to present evidence. She contends she was denied due process for this reason. She also complains that there was no scheduling order in place.

As a prerequisite to presenting a complaint for appellate review, an appellant must make the complaint to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a). A timely objection is one made at such a point in the proceedings that the trial court has the

---

[1] Although the style of this case refers to the parties' child, at the time the decree was signed, J.M.M. had reached the age of majority and was no longer before the trial court.

opportunity to cure any alleged error. *Crews v. DKasi Corp.*, 469 S.W.3d 194, 201 (Tex. App.—Dallas 2015, pet. denied). Even constitutional claims must be raised below or they are not preserved for appellate review. *In re Baby Boy R.*, 191 S.W.3d 916, 921 (Tex. App.—Dallas 2006, pet. denied). Pro se litigants are held to the same standards as attorneys, and they are subject to the same rules of procedure. *Millwee v. Capstar Commercial Real Estate Svcs.*, 337 S.W.3d 517, 521 (Tex. App.—Dallas 2011, no pet.).

Although the trial court made clear at the start of the hearing that it was a final trial, Wife waited until her motion for new trial to raise her complaint about not having notice of the trial. She also complained for the first time about the lack of a scheduling order in her motion for new trial. Wife argues that we are constrained to reverse this case based on our opinion in *Estate of Merkel*, No. 05-14-01596-CV, 2016 WL 462569 (Tex. App.—Dallas Feb. 5, 2016, no pet.) (mem. op. on rehearing). But *Merkel* is distinguishable. In that case, the trial court made a final determination of a party's homestead rights at a hearing the court had ordered for the executor of an estate to appear to show why he should not be removed. *Id.* at *2. The party objected during the hearing to the court's action regarding his homestead rights because that was not the issue set for hearing. *Id.* We reversed the trial court's order because the record did not contain notice of a final trial setting, only notice for the show cause hearing. *Id.* at *3. Here, unlike *Merkel*, the notice given stated that Husband's divorce petition was set for a "final hearing" on August 17. Further, Wife did not timely raise her complaint that she did not have adequate notice that the trial court would be making a final disposition of the case at the August 17 hearing. She has not preserved her complaints under this issue for our review. We overrule Wife's first issue.

In her second issue, Wife contends she was denied her right to a jury trial. In civil cases, the right to trial by jury is not automatic and arises only when a party has demanded a jury trial and paid the applicable fee. *Aberegg v. Ceschan*, No. 05-12-01000-CV, 2014 WL 2921657, at

–3–

\*1 (Tex. App.—Dallas June 25, 2014, no pet.) (mem. op.). The Texas Rules of Civil Procedure require parties desiring a jury trial to make a written request at least thirty days in advance of trial. *See* TEX. R. CIV. P. 216(a). Wife acknowledges that she did not request a jury as required by rule 216, but asserts her failure to do so was because she did not know the trial date. On the day of the final hearing, Wife said nothing about her desire for a jury trial and participated in the trial before the court by cross-examining Husband. Again, Wife waited until her motion for new trial to raise a complaint about not getting a jury trial. Because Wife participated in the bench trial without raising this complaint to the court, the issue is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Crews*, 469 S.W.3d at 201; *In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (even when jury trial has been properly requested, party may waive right to jury trial by failing to act when court proceeds with bench trial). To the extent Wife complains that the trial court's handling of the case amounted to death penalty sanctions, she likewise failed to raise this complaint in a timely manner in the trial court. We overrule Wife's second issue.

In her third issue, Wife contends the trial court erred in failing to grant "at least one post judgment motion such as [her] motion for new trial." Wife's entire argument under this issue consists of a single sentence. She has failed to cite applicable authority or provide substantive analysis. As such, this issue is inadequately briefed and does not present anything for our review. *Humitech Dev. Corp. v. Perlman*, 424 S.W.3d 782, 796–97 (Tex. App.—Dallas 2014, no pet.); s*ee* TEX. R. APP. P. 38.1(i). We overrule Wife's third issue.

In her fourth issue, Wife complains of the trial court's division of property. Again, she has not properly briefed this issue. Her brief does not contain a clear argument for her contentions. The reasons she believes the property was inappropriately divided are unclear. Further, Wife has not cited appropriate authorities; the only authority she has provided on this

issue is a rule of appellate procedure related to preservation of error. TEX. R. APP. P. 38.1(i); *see id.* 33.1(d).

Nevertheless, we have reviewed the division of property and see no clear abuse of discretion. In a divorce case, the trial court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (West 2006). The trial court has wide discretion in dividing a marital estate and may consider many factors. *Young v. Young*, 609 S.W.2d 758, 762 (Tex. 1980); *Toles v. Toles*, 45 S.W.3d 252, 264 (Tex. App.—Dallas 2001, pet. denied). The party attacking the property division bears the heavy burden of showing that the trial court's property division was not just and right. *Walter v. Walter*, 127 S.W.3d 396, 398 (Tex. App.—Dallas 2004, no pet.). Equality in the division is not required, and this Court indulges every reasonable presumption in favor of the proper exercise of discretion by the trial court in dividing the community estate. *Toles*, 45 S.W.3d at 264.

Wife seems to argue that the division was improperly unfavorable to her because Husband got six cars and a motorcycle and she got one car with a blown engine. We note the condition of these vehicles is not apparent from the record. Wife also mentions the length of the marriage, her physical condition, and Husband's criminal record. Although Husband was awarded more vehicles than Wife, Wife was awarded other valuable property including the marital residence and a baby grand piano. In addition, the parties had substantial debts and Husband was given a somewhat greater share of those debts. On this record, and especially in light of Wife's failure to present any evidence at trial, we are unable to conclude that the trial court's property division was a clear abuse of discretion. We overrule Wife's fourth issue.

In her fifth issue, Wife contends that the trial court erred in failing to grant her motion to vacate the divorce decree. In her argument under this issue, Wife argues that the decree is void.

The reasons for her argument are not clear; she merely states that the trial court had no reasonable basis for granting the divorce. Further, the case law cited is not helpful. *See, e.g., Nat. Res. Defense Council, Inc. v. U.S. E.P.A.*, 966 F.2d 1292, 1297 (9th Cir. 1992) (case involving actions of EPA and discussing United States Code provision that authorizes court to set aside agency action). Again, this issue is inadequately briefed. TEX. R. APP. P. 38.1(i). In addition, a judgment is void only when it is apparent the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of subject matter, no jurisdiction to enter judgment, or no capacity to act as court. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). Wife has not advanced any of these reasons for her assertion that the divorce decree is void. We overrule Wife's fifth issue.

We affirm the trial court's judgment.


/Ada Brown/
ADA BROWN
JUSTICE


151198F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.M.M., A CHILD

No. 05-15-01198-CV

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-51915-2014.
Opinion delivered by Justice Brown; Justices Lang and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee William Andrew McInnis recover his costs of this appeal from appellant Janine Charboneau.

Judgment entered this 26th day of April, 2017.