John H. WILSON, Appellant.

v.

Shirley L. WILSON, Appellee.

No. 2–00–207–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 1, 2001.

598

Jim Claunch, Fort Worth, for appellant.

Joe Brent Johnson, Fort Worth, for appellee.

PANEL A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

**OPINION**

SAM J. DAY, Justice.

On February 18, 2000, following a bench trial, the trial court signed its final decree of divorce and judgment, dissolving the 32–year marriage of Appellant John H. Wilson and Appellee Shirley L. Wilson and dividing their community estate. This appeal arises from the trial court's distribution of the marital property. On appeal, Appellant raises three issues challenging the fairness of the trial court's distribution of property and the trial court's order that Appellant pay Shirley's attorney's fees. We affirm.

**I. BACKGROUND**

Appellant and Shirley L. Wilson were married on March 26, 1968. They separated in 1990, and Shirley filed for divorce on

October 21, 1998. At the time of separation, Shirley moved out of the family home. The couple's sixteen year old son continued to live with Appellant for four years after the separation. Shirley did not pay Appellant child support, and Appellant did not pay Shirley spousal support.

The trial court finalized the divorce on February 18, 2000. As part of the property distribution, Appellant was ordered to pay Shirley $10,000 for her share in the family home. Shirley also received fifty percent of Appellant's investment plan with General Dynamic's; fifty percent of Appellant's saving's and stock plan with Lockheed Martin; fifty percent of Appellant's retirement plan with Lockheed Martin; and attorney's fees of $7,129. Appellant had been in the military for twenty years, eight of which were during his marriage to Shirley; therefore, Shirley also received a portion of Appellant's military retirement.

## II. ATTORNEY'S FEES

In his first issue, Appellant contends that the trial court erred in awarding Shirley attorney's fees because there is no statute that allows the trial court to award attorney's fees to the opposing side in a dissolution of marriage that does not involve minor children. As a general rule, attorney's fees may not be recovered unless provided for by statute or by contract between the parties. *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). The authorization of attorney's fees in civil cases may not be inferred; rather, it "must be provided for by the express terms of the statute in question." *Id.* (quoting *First City Bank v. Guex*, 677 S.W.2d 25, 30 (Tex.1984)).

The family code expressly provides for recovery of attorney's fees in limited circumstances in connection with the marital relationship including: (1) sale of a homestead under unusual circumstances; (2) temporary injunction and orders pending final dissolution of marriage in order to preserve property and protect the parties; (3) temporary orders during appeal necessary to preserve property; (4) enforcement of a division of property; (5) post-divorce petitions to divide property; (6) temporary orders affecting the parent-child relationship; and (7) proceedings affecting the parent-child relationship. TEX. FAM.CODE ANN. §§ 5 .104, 6.502, 6.709, 9.014, 9.205, 105.001, 106.002 (Vernon 1998 & Supp.2001).

The Wilsons' divorce did not affect the parent-child relationship. Therefore, sections 105.001 and 106.002 of the family code do not apply. Furthermore, the Wilsons' divorce did not involve the sale of a homestead; consequently, section 5.104 is not applicable. Moreover, no temporary order affecting the preservation of property was involved in the contested judgment. As a result, sections 6.502 and 6.709 do not control. However, the Wilsons' divorce decree did affect the division of marital property. Therefore, the only statutory bases for the award of attorney's fees were sections 9.205 of the family code, which provided for attorney's fees in post-divorce petitions to divide property, and 9.014, which provided for attorney's fees in the enforcement of a property division decree. *See* TEX.FAM.CODE ANN. §§ 9.014, 9.205. Here, the trial court distributed all of the Wilsons' property in the final decree of divorce. The award of attorney's fees did not arise out of a post-divorce division of property or the enforcement of an order dividing property. Therefore, under the present set of facts, sections 9.014 and 9.205 did not allow the trial court to award attorney's fees to Shirley. *See id.*

However, courts may consider attorney's fees, as well as parties' earning potential, business opportunities, and need

for future support, when making a just and right division of the marital estate. *Roever v. Roever,* 824 S.W.2d 674, 676 (Tex.App.—Dallas 1992, no writ); *see also* TEX.FAM. CODE ANN. § 7.001 (Vernon 1998) (requiring courts to make a "just and right" division); *Powell v. Powell,* 822 S.W.2d 181, 184 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Oliver v. Oliver,* 741 S.W.2d 225, 229 (Tex.App.—Fort Worth 1987, no writ). The trial court prefaced his award of attorney's fees in favor of Shirley with, "[t]o effect an equitable division of the estate of the parties." Therefore, a reading of the decree suggests the trial court did take the attorney's fees into account in making a fair and equitable distribution of the marital property. Appellant's first issue is overruled.

## III. DISTRIBUTION OF PROPERTY

In his second issue, Appellant contends that the amount of attorney's fees the trial court awarded was inappropriate in a simple divorce action. However, as we have already discussed, the trial court considered the attorney's fees in making a fair and just distribution of the marital property. Therefore, we will address Appellant's second issue in conjunction with his third issue. In his third issue, Appellant complains that the trial court failed to distribute the property in a fair and just manner. Specifically, Appellant complains that (1) the trial court should have distributed the property as of the date of the Wilsons' separation instead of the date of their divorce, and (2) the trial court ignored several facts that should have affected the property distribution.

■■■ The trial judge has wide discretion in dividing the parties' community estate. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981). The party attacking the property division bears the heavy burden of showing that the trial court's property di-

vision was not just and right. *Goetz v. Goetz,* 567 S.W.2d 892, 896 (Tex.Civ.App.—Dallas 1978, no writ). We must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *Vannerson v. Vannerson,* 857 S.W.2d 659, 669 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

■■■ One who complains of the trial court's division of property must be able to demonstrate from evidence in the record that the division was so unjust and unfair as to constitute an abuse of discretion. *Finch v. Finch,* 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Wallace v. Wallace,* 623 S.W.2d 723, 725 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ dism'd). A trial court's division will not be disturbed on appeal unless it appears from the record that the division was clearly the result of an abuse of discretion. *Mogford v. Mogford,* 616 S.W.2d 936, 944 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e). The test for whether the trial court abused its discretion is whether the court acted arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–43 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■■■ Section 7.001 of the family code provides that a divorce decree "shall order a division of the estate of the parties in a manner that the court deems just and right." TEX.FAM.CODE ANN. § 7.001. The "estate of the parties" has been construed to mean only the parties' community property. *Cameron v. Cameron,* 641 S.W.2d 210, 214–15 (Tex.1982); *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 139 (Tex.1977). Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. TEX. FAM.CODE ANN. § 3.003; *Faram v. Gervitz–Faram,* 895 S.W.2d 839, 842 (Tex.App.—Fort Worth 1995, no writ). The family

code provides only three instances in which property may be classified as separate property: (1) property owned or claimed by either spouse before marriage; (2) property acquired during marriage by gift, devise, or descent; and (3) recovery for personal injuries, except for loss of earning capacity. TEX.FAM.CODE ANN. § 3.001.

██ Because the Wilsons were still married even after their separation in 1990, the property they continued to acquire between the date of separation and divorce was still considered community property, unless either spouse could establish that the property was separate property under section 3.001. *See id.* Appellant provided no evidence that any of the property acquired between the date of the Wilsons' separation and their divorce fulfilled any of the requirements in section 3.001. Therefore, the trial court did not abuse its discretion in distributing the property acquired after the Wilsons separated in 1990.

██ Appellant also alleges that the trial court ignored three relevant facts in distributing the community property: (1) Appellant cared for the couple's minor son after Shirley left the family home; (2) Appellant paid the mortgage on the home during the separation; and (3) Shirley's testimony that she had told Appellant when they separated that he could have the house. The trial court may consider a variety of factors when dividing an estate, such as: (1) relative earning capacities and business experience of the parties; (2) educational background of the parties; (3) size of separate estate; (4) the age, health, and physical condition of the parties; (5) fault in the dissolution of the marriage; (6) the benefits the innocent spouse would have received had the marriage continued; and (7) probable need for future support. *Finch,* 825 S.W.2d at 222; *Zamora v. Za-*

*mora,* 611 S.W.2d 660, 662 (Tex.Civ.App.—Corpus Christi 1980, no writ).

Appellant does not complain about the trial court's division of any particular property; instead he argues that the trial court's overall distribution failed to take into account the facts of the case. However, we find nothing in the record, nor has Appellant pointed us to anything in the record, that suggests the trial court ignored the facts when it distributed the property. The essence of Appellant's complaint is that he should have received a larger portion of the property because he cared for the couple's son, he paid the mortgage on the house, and Shirley told him he could have the house when they were separating ten years earlier. We cannot say that the trial court's awarding the community property and debts equally to each spouse was manifestly unjust. Therefore, we overrule Appellant's third issue.

██ Appellant does argue, however, that the $7,129 the trial court awarded to Shirley to pay for attorney's fees is inappropriate in this case. One who complains of the way the trial court divided the properties must be able to show from the evidence in the record that the division is so unjust and unfair as to constitute an abuse of discretion. *Wallace,* 623 S.W.2d at 725. However, there is no evidence in the record to suggest that the trial court abused its discretion in its award. Therefore, Appellant's second issue is overruled.

## IV. CONCLUSION

Having overruled Appellant's three issues on appeal, we affirm the trial court's judgment.