11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Elnora
May Gilbreath

Appellant

Vs.                   No. 
11-03-00162-CV -- Appeal from Taylor County

H. Toby
Gilbreath

Appellee

 

This appeal arises from a divorce proceeding.  We modify and affirm.  

Elnora May Gilbreath was 88 years old at the time
of the divorce while H. Toby Gilbreath was 89 years old.  Elnora and Toby were married in 1978.  Each of them entered the marriage with a
significant amount of separate property. 
Prior to marriage, they executed an AAgreement
in Contemplation of Marriage@
which identified their various separate property holdings.  Elnora and Toby lived in a home which Elnora
owned prior to marriage.

Larry George, Elnora=s
son from a previous marriage, initiated the suit for divorce on behalf of
Elnora under the authority of a power of attorney which she had executed.  Elnora had been in poor health in the months
prior to the filing of the divorce. 
George and his sister, Betty George Rahe, alleged that Toby mistreated
Elnora during her period of disability. 
In addition to seeking a divorce, George asserted a claim on his mother=s behalf against Toby for intentional
infliction of emotional distress.








Immediately prior to filing the divorce, George Aconfiscated@
several bank accounts held solely or jointly in Elnora=s
name.  Toby was listed as a joint
depositor on several of the accounts seized by George.  George testified that he did not investigate
Toby=s rights
in the confiscated accounts.  These
accounts had a combined balance of approximately $100,000.  After withdrawing the funds from the various
financial institutions, George turned them over to his attorneys.  George testified that he knew Toby would leave
Elnora when the accounts were confiscated. 
George informed Toby at the time of the confiscation that he did not
need to worry about the confiscated funds because Ahe
would get what was coming to him by law@
in the divorce proceeding.  George also
collected the rent for the rental properties owned by Elnora and Toby for one
monthly rental period.[1]  

Toby filed a cross-petition for divorce with his
answer to Elnora=s
original petition for divorce.  Toby also
asserted a claim for conversion against George with respect to George=s confiscation of the bank
accounts.  

Sitting as the fact finder, the trial court
received evidence in the divorce case over the course of three non-consecutive
days.  The thrust of the evidence
presented at trial focused on Elnora=s
claim against Toby for intentional infliction of emotional distress and her
claim that two accounts in the total amount of approximately $145,000 were her
separate property.[2]  At the close of Elnora=s
case-in-chief, the trial court granted Toby=s
motion for directed verdict on the claim of intentional infliction of emotional
distress.  The trial court subsequently
entered a final decree of divorce which granted the parties= request for a divorce and divided the
parties=
community estate.  The trial court
determined the characterization of the two disputed accounts to be community
property.[3]  The final decree of divorce also included a
judgment against Elnora for Toby=s
attorney=s fees in
the total amount of $19,555.  Elnora
raises three points of error on appeal.  


In her first point, Elnora contends that the trial
court erred in granting Toby=s
motion to supplement the record after the entry of the final decree of
divorce.  During the course of the trial,
Toby=s counsel
announced to the trial court that the parties had entered into a written
stipulation with respect to the characterization and division of certain assets
and liabilities.  Toby=s counsel stated as follows with
respect to the stipulation:

[Elnora=s trial counsel] and I have reviewed
those and approved those and are submitting those to the Court so that the
Court can kind of see what we=ve
agreed to on a few items and perhaps narrow the issues for the Court. 

 








Elnora=s
trial counsel made references to the stipulations on at least four occasions
during the trial.  The trial court also
commented on the record during the trial that it had been presented with the
stipulations.  At the beginning of the
last day of trial, Elnora=s
trial counsel  presented the trial court
with an amended stipulation which reflected changes in the balances of various
accounts which had occurred after the date of the initial stipulation.

While the stipulations were referenced by the
parties and the trial court during the trial, the stipulations were not
physically placed in the district clerk=s
file.  Toby filed a postjudgment motion
to supplement the trial court=s
record in order to remedy this omission. 
He attached copies of the written stipulations to his motion.  Both of the stipulations included the
signatures of each of the attorneys of record. 
At the hearing on Toby=s
motion to supplement the record, the trial court stated that it recalled each
of the stipulations being presented to the court for filing and
consideration.  The trial court further
stated that the stipulations should have been included among the other papers
in the district clerk=s
file but that they were mistakenly omitted. 
Accordingly, the trial court granted Toby=s
motion to supplement the record.

Elnora argues that the trial court committed error
by permitting the record to be supplemented with the omitted stipulations.  Relying upon this assertion, she makes
numerous challenges to the trial court=s
actions.  She challenges the legal and factual
sufficiency of the evidence supporting four of the trial court=s findings of fact.[4]  She also attacks the sufficiency of the
evidence supporting the trial court=s
division of the community property in a just and right manner as required by
TEX. FAM. CODE ANN. '
7.001 (Vernon 1998).  In advancing these
contentions, Elnora asserts that the challenged findings of fact and division
of the parties=
community estate lack evidentiary support because they are based on
stipulations which were not properly filed. 
Elnora further contends that the trial court should have permitted her
to present additional evidence when it granted Toby=s
motion to supplement the record with the omitted stipulations.[5]  








We find that the trial court did not err in
permitting the record to be supplemented with the omitted stipulations.  TEX.R.CIV.P. 74 permits documents to be filed
with either the clerk of the court or the trial judge.  The trial court acknowledged during the
hearing on the motion to supplement the record that the stipulations were
presented to it by the parties during trial. 
See TEX.R.CIV.P. 11. 
Additionally, the parties and the trial court made numerous references
on the record to the stipulations during trial. 
The trial court=s
act of permitting the record to be supplemented with the omitted stipulations
did not constitute the receipt of new evidence but, rather,  served to remedy the clerical omission of the
documents from the clerk=s
file.  Elnora=s
first point of error is overruled.  

Elnora=s
second and third points of error attack the trial court=s
award of Toby=s
attorney=s
fees.   The trial court ordered Elnora to
pay Toby=s
attorney=s fees in
the total amount of $19,555.  The trial
court found that $16,555 of this sum was attributable to Toby=s attorney=s
representation in response to the divorce filed by Elnora and in prosecution of
his cross-petition for divorce.  The
remaining $3,000 was attributable to Toby=s
attorney=s fees
for legal services  performed in pursuing
the conversion claim against George.  

Elnora=s
second point of error attacks the portion of the attorney=s fees award in the amount of
$16,555.  Elnora contends that the trial
court abused its discretion in making this award.  A party does not have a statutory right to
attorney=s fees in
a divorce case which does not involve a child custody determination. Beard
v. Beard, 49 S.W.3d 40, 64 (Tex.App. - Waco 2001, pet=n den=d).  However, a trial court may award attorney=s fees incurred by a spouse in a
divorce proceeding in its division of the parties=
community estate. Wilson v. Wilson, 44 S.W.3d 597, 599-600 (Tex.App. -
Fort Worth 2001, no pet=n);
Pletcher v. Goetz, 9 S.W.3d 442, 448 (Tex.App. - Fort Worth 1999, pet=n den=d).  Accordingly, we review Elnora=s attack on the trial court=s award of attorney=s fees to Toby as a challenge to the
trial court=s
division of the parties=
community estate.








The trial court has wide discretion in dividing
the parties=
community estate.  Murff v. Murff,
615 S.W.2d 696, 698 (Tex.1981).   The
party attacking the property division bears the heavy burden of showing that
the trial court=s
property division was not just and right.  Wilson v. Wilson, supra at  600.  A
trial court=s
division will not be disturbed on appeal unless it appears from the record that
the division was clearly the result of an abuse of discretion.  Wilson v. Wilson, supra at 600.  The test for whether the trial court abused
its discretion is whether the court acted arbitrarily or unreasonably.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑43 (Tex.1985), cert. den=d, 476 U.S. 1159 (1986).

The record does not indicate that the trial court
abused its discretion in awarding attorney=s
fees to Toby when the award is viewed in the context of the trial court=s division of the community
estate.  Neither the final decree of
divorce nor the findings of fact and conclusions of law show with mathematical
certainty the trial court=s
division of the community estate from a monetary perspective.  The decree reveals that the parties= joint interest in some significant
assets were awarded to one spouse or the other rather than being divided
between the spouses.  For example, Elnora
was awarded the entire balance of the Lord Abbett Account in the approximate
amount of $93,000.  Toby was awarded all
of the interests in two rental properties that had a combined value of approximately
$54,000.  From the face of the record,
the trial court=s award
of Toby=s
attorney=s fees
appears to have been done to carry out the trial court=s  division of the parties= community estate in a just and right
manner.  Elnora=s
second point of error is overruled.  

In her third point of error, Elnora challenges the
additional $3,000 in attorney=s
fees awarded to Toby in connection with his claim against George.   She contends that she should not be liable
for attorney=s fees
attributable to Toby=s
claim against George.  She also asserts
that the award constituted an abuse of discretion.  Toby contends that Elnora is liable for
George=s actions
because he was acting under the authority of her power of attorney.    








We find that the trial court erred in awarding
attorney=s fees to
Toby with respect to his claim against George. 
Toby characterized his action against George as a tort claim for
conversion.  Con-version is the
unauthorized and wrongful assumption and exercise of dominion and control over
the personal property of another, to the exclusion of or inconsistent with the
owner=s
rights.  Waisath v. Lack=s Stores, Inc., 474 S.W.2d 444, 447
(Tex.1971).  Generally, attorney=s fees are not recoverable in a tort
cause of action.   See TEX. CIV.
PRAC. & REM. CODE ANN. '
38.001 (Vernon 1997); Academy Corp. v. Interior Buildout & Turnkey
Construction, Inc., 21 S.W.3d 732, 743 (Tex.App. - Houston [14th Dist.]
2000, no pet=n).  Furthermore, Toby contends that George
committed a conversion by his confiscation of the bank accounts.[6]  Money is subject to conversion only when it
can be identified as a specific chattel and not where an indebtedness may be
discharged by the payment of money generally. Estate of Townes v. Townes,
867 S.W.2d 414, 419 (Tex.App. - Houston [14th Dist.] 1993, writ den=d). An action for conversion will not
ordinarily lie for bank accounts because the making and acceptance of an
ordinary deposit creates the relation of debtor and creditor between the bank
and the depositor with the title to the money passing to the bank. Newsome
v. Charter Bank Colonial, 940 S.W.2d 157, 161 (Tex.App. ‑ Houston
[14th Dist.] 1996, writ den=d).  Elnora=s
third point of error is sustained.

The trial court=s
award of attorney=s fees to
Toby in the amount of $3,000 for services rendered in connection with his claim
against George is in error.  The amount
of the trial court=s award
of attorney=s fees to
Toby in the gross amount of $19,555 is reduced to $16,555.  As modified, the trial court=s judgment is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

September 16, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]Elnora=s separate property estate included several rental
properties. 





     [2]The
parties referred to these two accounts as the AElnora George
Gilbreath Separate Property Account@ and the ALord Abbett Account.@ 





     [3]Elnora
does not challenge the trial court=s
characterization of the two accounts in this appeal.  





     [4]Elnora=s challenge addresses the trial court=s sixth, seventh, eighth, and ninth findings of
fact.  Each of these findings of fact
begin with the phrase: ABy Stipulation of Facts and Division of Certain Assets
and Payment of Indebtedness filed with the Court on November 19, 2002, the
parties stipulated and the Court finds that.@  The sixth finding of fact addressed Elnora=s separate property items.  The seventh finding of fact addressed Toby=s item of separate property.  The eighth finding of fact addressed the
parties= agreement regarding community indebtedness.  The ninth finding of fact addressed the
parties= agreement for the division of various community
property bank accounts.





     [5]Toby
personally appeared for the commencement of trial.  However, he left the courtroom at some point
in the proceedings and never returned. 
During her case-in-chief, Elnora=s trial
counsel informed the trial court that he wanted to call Toby as a witness.  Toby=s counsel
refused to disclose Toby=s whereabouts to Elnora=s trial
counsel so that Toby could be served with a subpoena.  Elnora rested her case-in-chief without
calling Toby as a live witness.  At the
hearing on Toby=s motion to supplement the record, Elnora=s appellate counsel argued that, if the trial court
permitted the record to be supplemented with the omitted stipulations, it
should also permit her to reopen the evidence for the purpose of receiving live
testimony from Toby.  The trial court
denied this request.  





     [6]It
is significant to note that the trial court did not enter a money judgment
against George on the conversion claim.