MCKEE V. MCKEE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-436-CV

BRUCE RICHARDS MCKEE APPELLANT

V.

EUDORA PAYNE MCKEE APPELLEE

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

In this postdivorce enforcement proceeding, appellant Bruce Richards McKee appeals the trial court’s order in favor of appellee Eudora Payne McKee in the amount of $150,000.00 plus interest and attorney’s fees.
  
In four issues, he argues (1) that the final order does not conform to appellee’s pleadings, (2) that there is no evidence that he violated the final divorce decree by failing to sell the parties’ residence, (3) that the final order violates Texas Family Code sections 9.006 and 9.007 by modifying the substantive division of the marital estate, and (4) that the final order violates Texas Family Code section 9.010.  We affirm.

Background Facts

On July 1, 2003, the trial court signed the parties’ divorce decree in accordance with their mediation agreement.  In the decree, the trial court awarded appellee a lump sum of $50,000.00, payable within 120 days of the date of the decree.  In accordance with the decree, appellee moved out of the parties’ residence within thirty days of receiving the $50,000.00, in January of 2004.  In addition, the trial court ordered that the couple’s residence be sold and that appellee was to receive the first $150,000.00 from the net proceeds of the sale.  If the proceeds from the sale of the residence fell short of $150,000.00, appellant was ordered to make up the difference, which guaranteed appellee this additional $150,000.00.  Any net proceeds that exceeded $150,000.00 were awarded to appellant. 

On June 18, 2003, after mediation but before the decree had been signed, the parties put the house on the market.  The listing expired on April 28, 2005, over a year after appellee had vacated the house, without it being sold. 

On July 13, 2005, appellee filed a Petition for Enforcement in which she alleged that appellant was required to sell the property in accordance with the decree, that appellant had removed the property from the market, and that appellant had made no effort to sell the property as required by the decree.  In addition, appellee alleged that she had not received the $150,000.00 that she had been awarded in the decree.  Appellee asked the trial court to appoint a receiver to sell the property and for interest on the $150,000.00 at the rate of ten percent per annum from July 1, 2003, the date the judge signed the decree. Appellant filed a counterpetition seeking to recover personal property items in appellee’s possession. 

On November 10, 2006, the trial court, after an evidentiary hearing, entered a final order awarding appellee $150,000.00, plus interest at the rate of six percent per annum from May 1, 2005.  The order stated that if the $150,000.00 was not paid by November 15, 2006, the trial court would appoint a receiver to sell the property.  The court also awarded attorney’s fees to appellee.  Additionally, the court found that the parties had stipulated that certain items of personal property in appellee’s possession would be awarded to appellant except for a diamond that had been set in appellee’s engagement ring, which would remain appellee’s separate property.  Appellant challenges only the parts of the order requiring him to pay appellee $150,000.00 and appointing a receiver to sell the property if he did not pay the $150,000.00.

Trial by Consent

In his first issue, appellant argues that the trial court erred by awarding a money judgment to appellee even though she did not plead for a money judgment.  Appellee responded that the matter was tried by consent. 

Rule 301 of the Texas Rules of Civil Procedure provides that the judgment of a court must be supported by the pleadings.  
Tex. R. Civ. P.
 301.  The purpose of pleadings is to give an adversary notice of claims and defenses, as well as notice of the relief sought. 
 Perez v. Briercroft Serv. Corp
., 809 S.W.2d 216, 218 (Tex. 1991); 
Herrington v. Sandcastle Condominium Ass’n
, 222 S.W.3d 99, 102 (Tex. App.—Houston [14th Dist.] 2006, no pet.). But when an issue not raised by the pleadings is tried by the express or implied consent of the parties, it is treated in all respects as if it had been raised in the pleadings.  
Tex. R. Civ. P.
 67; 
see Roark v. Stallworth Oil & Gas, Inc
., 813 S.W.2d 492, 495 (Tex. 1991).  The party who allows an issue to be tried by consent and who fails to object to the lack of a pleading raising that issue before submission of the case cannot later object to the pleading deficiency for the first time on appeal. 
 Tex. R. Civ. P.
 90; 
Roark
, 813 S.W.2d at 495.  

Trial by consent is intended to cover the exceptional case in which it clearly appears from the record as a whole that the parties tried the unpleaded issue.  
RE/MAX of Tex., Inc. v. Katar Corp
., 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997), 
pet. denied
, 989 S.W.2d 363 (Tex. 1999); 
Stephanz v. Laird
, 846 S.W.2d 895, 901 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  It is not intended to establish a general rule of practice and should be applied with care. 
 RE/MAX of Tex
., 961 S.W.2d at 328; 
Stephanz
, 846 S.W.2d at 901.  To determine whether an issue was tried by consent, the court must examine the record, not for evidence of the issue, but rather for evidence of trial of the issue. 
 Beck v. Walker
, 154 S.W.3d 895, 901 n.3 (Tex. App.—Dallas 2005, no pet.); 
RE/MAX of Tex
., 961 S.W.2d at 328; 
Stephanz
, 846 S.W.2d at 901.

Here, appellee’s petition for enforcement asked the trial court to appoint a receiver to sell the property and award her $150,000.00 from the net proceeds, plus interest from July 1, 2003, the date of the decree, to the date of closing of the sale of the property.  The record indicates that the trial court verified at the beginning of the hearing that the payment of $150,000.00 was at issue.  The trial judge stated the following:

[The Court]: And it’s my understanding the issues have to do with the $150,000 that was to have been paid to Ms. McKee from the sale of the residence . . . .

[Mr. Hoover]: That’s correct, Your Honor. And as well he has a claim for an offset for the condition of the residence against any monies owed her.

Appellee later testified that she was asking the judge to award her interest on the $150,000.00.  Specifically, she testified as follows:

[Mr. Stephenson]: Are you asking the Judge to award you interest at the legal rate?

[Ms. McKee]: Please.

[Mr. Stephenson]: On $150,000? 

Furthermore, appellant testified repeatedly that he wanted to pay appellee $150,000.00 and not sell the house.  For example, appellant stated that he placed $150,000.00 in an escrow account over a year ago and that it was available to her on the same day that he put it in escrow.  He also testified 
that appellee could have the money immediately.  In addition, 
appellant said that he had decided not to sell the house and wanted to buy out appellee’s interest. Appellant testified as follows:

[Mr. McKee]: I was going to buy her interest of the house.

[Mr. Stephenson]: Okay.  So what would you have to do to buy her interest?

[Mr. McKee]: Well, I had already given her 50.  My assumption would be I’d give her another 150.

[Mr. Stephenson]: Okay.  And what efforts did you make to do that?

[Mr. McKee]: We talked with Mr. Keller and that was the last we heard.

[Mr. Stephenson]: The question is: What efforts did you make to do that?

[Mr. McKee]: I don’t understand what you mean by efforts.

[Mr. Stephenson]: Well, did you send her any money?

[Mr. McKee]: I don’t know how to get ahold of her, sir.   Through Mr. King I can find her.  Through you I can find her.  I don’t know where she lives.  Excuse me.  I’m not going to go leave a bundle of hundreds on the corner. 

Later appellant continued and testified as follows:

[Mr.Stephenson]: Is it your position that you don’t owe any money to Eudora until the house is sold?

[Mr. McKee]: No.

[Mr. Stephenson]: What is your position?

[Mr. McKee]: My position was is [sic] I made it through Mr. Hoover. I said, “We need to get this wrapped up.  I’m going to take the house.   I’m going to pay her her$150,000.” 

The record clearly indicates that appellant interjected the possibility of a money judgment into the proceeding and specifically asked the trial court to award appellee a money judgment.  He repeatedly stated that the money was available and that he was ready and willing to give her the money.  Accordingly, we hold that the issue was tried by consent, and we overrule appellant’s first issue.

Sale of Property

In appellant’s three remaining issues, he complains that the trial court was not authorized to award appellee a money judgment of $150,000.00, plus interest from May 1, 2005, and attorney’s fees because (1) there is no evidence that he violated the decree by failing to sell, or obstructing the sale of, the house; (2) such an award modifies the substantive division of the marital estate in violation of sections 9.006 and 9.007 of the family code; and (3) section 9.010 of the family code does not provide for such a judgment. 

A trial court lacks the authority to change the property division in a final divorce decree at a later date.  
Tex. Fam. Code Ann.
 § 9.007(a) (Vernon 2006);
 Wright v. Eckhardt
, 32 S.W.3d 891, 894 (Tex. App.—Corpus Christi 2000, no pet.).  An order that alters the substantive division of property in a final divorce decree is “beyond the power of the divorce court and is unenforceable.”  
Tex. Fam. Code Ann.
 § 9.007(b); 
Wright, 
32 S.W.3d at 894.  However, under section 9.006 of the code, the court may render “further orders to enforce the division of property made in the decree of divorce . . . to assist in the implementation of or to clarify the prior order.”  
Tex. Fam. Code Ann. 
 § 9.006(a); 
Wright, 
32 S.W.3d at 894.  The court may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed.  
Tex. Fam. Code Ann.
 § 9.006(b); 
Wright, 
32 S.W.3d at 894. 

The gravamen of appellant’s complaint is the trial court’s award of  $150,000.00 to appellee, regardless of when, or if, the house was later sold by appellant.
(footnote: 2)  But appellant not only raised the possibility of such an award himself, he specifically told the trial court that was what he wanted.  A party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as “the invited error” doctrine.  
Tittizer v. Union Gas Corp., 
171 S.W.3d 857, 862 (Tex. 2005); 
Neasbitt v. Warren
, 22 S.W.3d 107, 112 (Tex. App.—Fort Worth 2000, no pet.).  Thus, we hold that appellant cannot now complain about the trial court’s awarding the $150,000.00 to appellee.

Moreover, the trial court was justified in determining that appellant violated the decree.  The record shows that the parties received two offers to buy the house.  According to the parties’ realtor, Charles Yost, in March 2004, the parties received an offer of $280,000.00, which was very low.  Yost testified that the parties asked the potential buyer to submit another bid, but the potential buyer did not.  Yost stated that the second offer of $370,000.00 occurred in April 2005, three days before the listing expired.  Although Yost said the offer was fair, appellant decided not to sell the house at that time and appellant let the listing expire without following up on the offer.  The record also contains other evidence that appellant had no intention of selling the house.  For example, at the hearing, appellant testified that a couple of weeks before the listing expired, he decided that he was not going to sell the house.  Additionally, appellant loaned the house to his son and testified that he had decided to buy the house himself.  Furthermore, appellant placed $150,000.00 in an escrow account equal to the amount that he was ordered to give appellee from the net proceeds of the sale of the house.  The trial court’s order awarding appellee $150,000.00 implements appellant’s own testimony, which was that he would pay appellee $150,000.00 and keep the house. 

Implicit in the decree was the parties’ agreement that the house would be sold.  Appellant, however, testified that he had decided not to sell the house.  By doing so, he breached the parties’ mediated settlement that had been incorporated into the decree.  Regardless of whether the decree was specific enough to be enforceable by contempt, the parties’ agreement to sell the house was specifically set forth in the decree.  The trial court awarded appellee interest from May 1, 2005, two days after the date the listing of the residence expired on April 28, 2005, as a result of appellant’s unilateral decision not to sell the house as ordered by the decree.  The trial court was free to reject appellant’s explanation that he did not know how to contact appellee to pay her the $150,000.00 and to conclude that appellant caused the filing of the petition for enforcement.  
See City of Keller v. Wilson, 
168 S.W.3d 802, 819 (Tex. 2005). Thus, the trial court was also justified in awarding appellee interest on the $150,000.00 from the date the listing agreement expired.
(footnote: 3)
 As to appellant’s complaint about the trial court’s award of attorney’s fees, the trial court may award reasonable attorney fees in a proceeding to enforce or clarify a divorce decree.  
Tex. Fam. Code Ann.
 § 9.014 (Vernon 2006); 
Wilson v. Wilson, 
44 S.W.3d 597, 599-600 (Tex. App.—Fort Worth 2001, no pet.)  Here, the trial court’s award of attorney’s fees to appellee was within its discretion under section 9.014, and the parties stipulated at trial to the reasonable and necessary amount of attorney’s fees should the trial court award them.  
Id.
  
Thus, we conclude that the trial court did not err by awarding attorney’s fees to appellee.

Additionally, appellant seems to argue that appellee would still retain an ownership interest in the house in addition to the $150,000.00 money judgment because the trial court did not order her to execute a deed to appellant of her community property interest in the house; appellant claims that the trial court’s order was therefore an invalid partition.  However, it is clear that, in accordance with the spirit of the parties’ mediation agreement incorporated into the decree, the trial court wanted appellee to receive $150,000.00 as her share of the house regardless of whether the house was sold to a third party or whether appellant retained ownership of the house.  Moreover, the decree specifically requires appellee to execute “[a]ll other documents required to effectuate the terms and conditions and division of the estate set forth in this decree.”  Thus, there was no need for the trial court to include deed language in the order because the decree already provides for that.  
McLendon v. McLendon, 
 847 S.W.2d 601, 612-13 (Tex. App.—Dallas 1992, writ denied).  We overrule appellant’s remaining three issues.

Conclusion

Having overruled appellant’s four issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED: January 10, 2008

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
The trial court’s order did not require appellant to sell the house if he paid appellee the $150,000.00; it only required the house to be sold if appellant refused to pay appellee the $150,000.00.

3:
Appellant testified that a couple of weeks before the listing expired he decided to let his son use the house and let the listing run out.