Affirmed and Memorandum Opinion filed February 25, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00038-CV

___________________

 

WAYMOND BAROS, Appellant

 

V.

 

MELISSA BAROS, Appellee



 



 

On
Appeal from the County Court at Law No. 1

Montgomery County,
Texas



Trial Court Cause No. 08-05-04577-CV

 



 

 

MEMORANDUM OPINION

            In this divorce action, appellant Waymond Baros
challenges the trial court’s failure to award him certain property he owned
prior to the marriage.  We affirm.

Background

            Appellant
and appellee were married on December 13, 2005.  Appellant was subsequently
incarcerated and appellee sought a divorce.  On November 24, 2008, the trial
court held a hearing at which appellee appeared and appellant’s mother appeared
on his behalf.  Appellee testified that the parties owned no community property
and that any property they owned was acquired before the marriage.  She
testified that she delivered some of appellant’s clothes, paperwork, court files,
and “other collectible stuff” to a relative’s house and placed the remainder in
a storage facility.  Appellee failed to pay the fees for the storage facility
and forfeited the property as a result of the failure to pay.  

            The
trial court entered a divorce decree in which it determined that no children
were born of the marriage and there was no community property to divide between
the parties.  Appellant filed an appeal in which he maintains that appellee
failed to prove that the items were forfeited from the storage unit.

Standard of Review

In a divorce decree, the
trial court shall order a division of the estate of the parties in a manner
that the court deems just and right, having due regard for the rights of each
party and any children of the marriage.  Tex. Fam. Code Ann. § 7.001 (Vernon
2006).  The phrase “estate of the parties” means the parties’ community
property.  Wilson v. Wilson, 44 S.W.3d 597, 600 (Tex. App.—Fort Worth
2001, no pet.) (citing Cameron v. Cameron, 641 S.W.2d 210, 214–15 (Tex. 1982).
 The trial court has broad discretion in dividing the community estate of the
parties, and we will not disturb its decision unless the trial court has
clearly abused its discretion.  Smith v. Smith, 22 S.W.3d 140, 143 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).  

Property Division

            Here,
appellant and appellee did not acquire any community assets.  The trial court
found that there was no “estate of the parties” to be divided, and appellant does
not challenge that finding.  Appellant’s complaint centers around the fact that
appellee forfeited his separate property that was in the storage facility. 
Appellee testified under oath that she gave some of appellant’s possessions to
his relative and that she forfeited some of them when she failed to pay the fee
for the storage facility.  Neither appellant, nor his mother, presented any
evidence to contradict appellee’s testimony.  In granting the divorce and
finding that no community property existed, the trial court did not abuse its
discretion.

            The
judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.