**AFFIRM and Opinion Filed September 17, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01256-CV

**DEANNA AI LEE, Appellant**
**V.**
**KEVIN DUC NGUYEN, Appellee**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-22786**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Richter[1], and Justice Rosenberg[2]
Opinion by Chief Justice Burns

This appeal follows the trial court's divorce decree dissolving the marriage of Deanna Ai Lee and Kevin Nguyen. In two issues, Lee asserts the trial court abused its discretion in failing to reimburse the community estate for over $600,000 in expenditures on three of Nguyen's separate properties and by considering, in its division of property, debt from a home equity line of credit secured by another of Nguyen's separate properties. We affirm.

---

[1] The Honorable Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2] The Honorable Barbara Rosenberg, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, sitting by assignment.

## BACKGROUND

Lee, a part-time bank cashier, and Nguyen, a dentist, married in July 2011. They separated at the end of 2016 and a year later, Nguyen filed this divorce suit and Lee counterpetitioned.[3] Both sought confirmation of certain property as their separate property and, in addition, Lee sought reconstitution of the community estate based on fraud and breach of fiduciary duty. She also asserted claims for reimbursement to the community estate.[4]

During the course of the marriage, Lee and Nguyen acquired assets valued at $351,126.47 and incurred $594,793.17 in liabilities. They also each acquired separate property by gift. Lee's separate property consisted of real property referred to as "Swan" and Nguyen's separate property consisted of real property referred to as "Flamingo" and "Wales." In addition, Nguyen was gifted a fifty percent interest in real property known as "Buckeye." As relevant to the issues on appeal, Nguyen owned the other fifty percent interest of the Buckeye property prior to marriage and also owned a one-hundred percent interest in a property known as "Lake Ridge." At the time of marriage, the Lake Ridge property had no mortgage on it, but the Buckeye property had a mortgage of $413,000. Lee and Nguyen lived together in

---

[3] This divorce suit is the second suit. Nguyen first filed for divorce in 2016. However, he filed in the wrong county, and the suit was dismissed.

[4] Nguyen also asserted claims for reimbursement to the community estate but did not pursue the claims at trial.

the Lake Ridge property until they separated, at which time Lee moved to the Flamingo property.

At trial, Nguyen testified he and Lee purchased the Flamingo, Wales, and Swan properties during the marriage. However, they agreed that Flamingo and Wales would be his separate properties and Swan would be Lee's separate property and deeded to each other their interests in the properties accordingly. Nguyen explained that Lee agreed to Flamingo being his separate property in exchange for "gold bars" and an "upgrade for the wedding ring," and she agreed to Wales being his separate property in exchange for Swan being her separate property.

The properties were not purchased outright, and according to Nguyen, the funds used for the down payments came from different sources. About $270,000 of community funds were used to pay for Flamingo, which was purchased for about $830,000 in January 2015 and was rented out for "about $3,000" a month until Lee moved there in December 2016. As of the date of trial, the Flamingo property was worth $870,762 and had a remaining balance of just under $500,000 on the mortgage.[5]

The Wales property was also paid for with community funds along with funds from a home equity line of credit secured by the Buckeye property. Nguyen testified

---

[5] No testimony was adduced about the source of funds used to pay the mortgage on Flamingo, but Lee asserts in her brief that community funds were used. *See Zagorski v. Zagorski*, 116 S.W.3d 309, 322 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (expenditures during marriage are presumed paid with community funds).

–3–

that at the time he was gifted the fifty percent interest in Buckeye, the balance on the mortgage was $390,000. The $23,000 reduction in the mortgage came from payments he made using community funds which he also subsequently used to pay the balance due. He then obtained a home equity line of credit (HELOC) in the amount of $398,000. Nguyen did not state how much of the HELOC funds he used for the Wales property but testified he used about $210,000 in community funds. He testified further that he later borrowed money from his cousin to pay the balance due on the mortgage.

The Swan property was purchased with funds from the Buckeye HELOC as well as funds from a HELOC secured by the Lake Ridge property. Nguyen testified he obtained the Lake Ridge HELOC for the purpose of buying Swan. He used $95,000 from the Lake Ridge HELOC and $235,000 from the Buckeye HELOC on Swan. At the time of trial, the Swan property was worth $848,729 and had a remaining balance of $220,000 due on the mortgage.

Nguyen testified he wanted the trial court to confirm Buckeye, Flamingo, and Wales as his separate properties and Swan as Lee's separate property. He also wanted the attendant debt on the Buckeye, Flamingo and Swan properties to be awarded accordingly and wanted the debt from the Lake Ridge HELOC characterized as a community liability.

Lee testified she did not intend to give her interests in the Flamingo and Wales properties to Nguyen but felt forced and defrauded by Nguyen to do so. She

—4—

explained that English was not her first language and that, although she received a degree from the University of California at San Diego, she had difficulty understanding legal terms. She did not know at the time they purchased Flamingo that a quitclaim deed was for transferring property, but she trusted that Nguyen was acting in her best interest. As for the Wales property, she agreed that she deeded her interest in that property in exchange for Swan, but she testified Nguyen told her he would pay the mortgage on Swan in full. Lee wanted Flamingo and Wales characterized as community property and Flamingo awarded to her. She also thought the fifty percent interest Nguyen received in the Buckeye property should be characterized as community property in light of his paying the balance of the mortgage with community funds. In the event the trial court did not characterize the Flamingo and Wales properties as community property, she asked the trial court "to use whatever equitable and reimbursement type remedies it ha[d] at its disposal to make a just and right [property] division."

The trial court found that Lee was not fraudulently induced to sign any documents and that Nguyen did not breach his fiduciary duty to Lee. The trial court granted Nguyen's requested relief as to the properties and the Lake Ridge HELOC. The trial court also granted a reimbursement claim to the community estate for the $23,000 in community property funds used to pay down the mortgage on the Buckeye property before Nguyen was gifted the remaining fifty percent interest. Of the assets Lee and Nguyen acquired during the marriage, the trial court awarded

approximately sixty-five percent to Nguyen and thirty-five percent to Lee. Of the liabilities incurred during the marriage, the trial court assigned less than one-tenth of a percent to Lee and the remainder to Nguyen. The trial court also assigned to Nguyen the entirety of the Lake Ridge HELOC.

## APPLICABLE LAW

### Division of Marital Property

Upon granting a divorce, a trial court must order a division of the parties' community estate and determine any claims for reimbursement by any of the martial estates in a manner it deems "just and right[.]" TEX. FAM. CODE ANN. §§ 7.001, 7.007; *see also Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982); *Wilson v. Wilson*, 44 S.W.3d 597, 600 (Tex. App.—Fort Worth 2001, no pet.). A claim for reimbursement is an equitable claim that the court may, after considering all the relative circumstances of the spouses, recognize when the assets of one estate are used to benefit and enhance another estate without itself receiving some benefit. *See* TEX. FAM. CODE § 7.007(1); *Vallone*, 644 S.W.2d at 459. The party claiming the right of reimbursement bears the burden of pleading and proving the expenditures were made and are reimbursable. *Chavez v. Chavez*, 269 S.W.3d 763, 768 (Tex. App.—Dallas 2008, no pet.).

For purposes of the division of the parties' community estate, community property consists of property, other than separate property, acquired by either spouse during marriage. TEX. FAM. CODE § 3.002. Separate property consists of property

owned or claimed by either spouse before marriage; property acquired during marriage by gift, devise, or descent; and, the recovery for personal injuries sustained by the spouse during marriage, except recovery for any loss of earning capacity during marriage. *See id.* § 3.001; *Wilson*, 44 S.W.3d at 601.

Standard of Review

We review a trial court's property division for abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). In conducting our review, we presume the trial court exercised its discretion properly if any reasonable basis to do so exists and will reverse only if the ruling was arbitrary, unreasonable, or unsupported by the facts or circumstances of the case. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011); *Vallone*, 644 S.W.2d at 460.

**DISCUSSION**

In her first issue, Lee asserts the trial court abused its discretion in reimbursing the community estate for only $23,000 in expenditures on the Buckeye property and failing to reimburse the community estate for any of the expenditures on the Flamingo and Wales properties. She asserts she proved the community was entitled to reimbursement for an additional $390,000 for the payment of the remaining balance on the Buckeye mortgage; $61,719.24 for the reduction of the Flamingo mortgage principal from $560,000 at the time of purchase to approximately

–7–

$500,000 at the time of trial;[6] and $210,000 for the purchase of Wales. She maintains the community "received little if any benefit" from the expenditures and, given the disparity in incomes between Nguyen and her based on their professions, "equity demands the award of reimbursement." In making this argument, however, Lee ignores other portions of the record that support the trial court's determination to not recognize the additional claims for reimbursement.

With respect to the Buckeye and Wales properties, Lee ignores the connection between each of these properties and Swan, which was confirmed as Lee's separate property and had a net equity value in excess of $625,000 at the time of trial. Nguyen testified Lee agreed to deed to him her interest in Wales in exchange for him deeding to her his interest in Swan. He further testified Swan was purchased with funds from the Buckeye HELOC. Although the community itself may not have benefitted from the expenditures on the Buckeye and Wales properties, Lee herself, who stood to benefit from the community estate being reimbursed for those expenditures, did.

As to the Flamingo property, evidence was presented that the community estate received some benefit from the expenditures on the property. Nguyen testified the property was rented out for "about $3,000" a month from January 2015 until December 2016, and income produced from separate property generally is considered community property. *Alsenz v. Alsenz*, 101 S.W.3d 648, 653 (Tex.

---

[6] Lee does not complain of the $270,000 in community funds used for the down payment.

App.—Houston [1st Dist.] 2003, pet. denied). Further, evidence was presented that Lee herself benefitted. Nguyen testified Lee agreed to the property being his separate property in exchange for "gold bars" and an "upgrade for the wedding ring," and Lee lived in the property rent-free from December 2016 until trial in June 2018. *See Gutierrez v. Gutierrez*, 791 S.W.2d 659, 663 (Tex. App.—San Antonio 1990, no writ) (community reaps benefit from living in spouse's separate property without paying rent).

Considering the benefit the community estate received from the Flamingo property and taking into account all the relative circumstances of the spouses as reflected in the record, we conclude the trial court did not abuse its discretion in failing to recognize the additional claims for reimbursement to the community estate. *See* TEX. FAM. CODE § 7.007(1); *Vallone*, 644 S.W.2d at 459; *see also Sonnier v. Sonnier*, 331 S.W.3d 211, 217 (Tex. App.—Beaumont 2011, no pet.) (trial court may reasonably conclude that principles of equity do not support granting reimbursement). We resolve Lee's first issue against her.

In her second issue, Lee asserts the trial court erred in characterizing the Lake Ridge HELOC as a community liability and considering the debt in its division of property. Lee asserts the Lake Ridge HELOC could not be characterized as a community liability because, under the HELOC security agreement, the lender can enforce its rights only against the property, not against Nguyen or her. Citing *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex. 1975), she asserts that it is well-

settled that debts contracted during the marriage are community liabilities unless the creditor agreed to look solely to separate estate of the contracting spouse for satisfaction. 527 S.W.2d at 171.

Error in the characterization of property is not reversible unless the party asserting error demonstrates the mischaracterization caused sufficient harm to constitute an abuse of discretion. *See Lynch v. Lynch*, 540 S.W.3d 107, 132-33 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Pace v. Pace*, 160 S.W.3d 706, 716 (Tex. App.—Dallas 2005, pet. denied). Lee claims consideration of the HELOC debt in the division of the community estate resulted in an improper division of the estate because the "balance is a significant liability relative to the overall community estate." However, she presents no argument as to how its inclusion impacted the trial court's just and right division of the community estate, and we can find none. The trial court assigned the debt in its entirety to Nguyen, and nothing in the record reflects that the court's division of assets was an abuse of discretion or would have been different had the HELOC debt not been characterized as community debt. We resolve Lee's second issue against her.

## CONCLUSION

We affirm the trial court's judgment.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

181256F.P05

–10–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DEANNA AI LEE, Appellant

No. 05-18-01256-CV     V.

KEVIN DUC NGUYEN, Appellee

On Appeal from the 255th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-17-22786. Opinion delivered by Chief Justice Burns, Justices Richter and Rosenberg participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.

We **ORDER** that appellee Kevin Duc Nguyen recover his costs of this appeal from appellant Deanna Ai Lee.

Judgment entered September 17, 2020.